PHILADELPHIA CITY v. S. H. DUNGAN.
PHILADELPHIA CITY v. E. O. MICHENER.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADEL-PHIA COUNTY.

Argued January 14, 1889—Decided January 28, 1889.

1. A writ of error, not an appeal, is the proper remedy against an erroneous order striking a municipal claim for lien from the records, and an appeal improvidently taken from such order will be quashed on motion.

2. The object of the Philadelphia registry acts: March 14, 1865, P. L. 321; March 29, 1867, P. L. 600, is (a) to enable the city to designate the true

owner of property with reasonable certainty, and *(b)* to provide for actual notice of municipal claims affecting property thus registered to the owner thereof.

3. A municipal claim filed in Philadelphia county for the cost of the abatement of a nuisance, and which does not aver notice to the registered owner to abate the nuisance and a non-compliance therewith, is fatally defective and may be stricken off.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

Nos. 397, 398 January Term 1888, Sup. Ct.; court below, Nos. 47, 21 December Term 1883, C. P. No. 3.

To the numbers and term of the court below indicated, the city of Philadelphia filed municipal claims for liens, both of the form following:

CITY OF PHILADELPHIA        No. 47.

v.        December Term,

CRAVEN & SON, owners or reputed        1883.
owners, or whoever may be owner.

SAMUEL H. DUNGAN, registered owner.

WHEREAS, the board of health of the city of Philadelphia have removed a nuisance from a lot of ground, situate on the east side of Beechwood street, at the distance of two hundred and twenty feet northward from the north side of Columbia avenue, in the Twenty-ninth ward, of the city of Philadelphia, containing in front or breadth on said Beechwood street fourteen feet, and extending in length or depth eastward of that width at right angles to said Beechwood street forty-six feet to a four feet wide alley; which nuisance consisted of filthy well and drain pipe, and, after due notice to the said Craven & Son, owners or reputed owners, to remove said nuisance, and non-compliance with said notice on their part, it was removed by the said board of health; which said work was done on the 16th day of July, 1883, and in the doing of which, on said day, the said board of health incurred and paid seven dollars and fifty cents expenses thereof, the following being a bill of particulars of said expenses, to wit:

1883.

July 16.　Abating nuisance, 1717–19 Beechwood
　　　　　street, twenty-ninth ward, cleaning
　　　　　well and drain pipe,　　.　　.　　.　　. $15.00

　　　　　Amount due by Craven & Son, for 1719,　　　7.50

Now, the city of Philadelphia file in the said court this their claim against the said Craven & Son, owners or reputed owners, of said lot, and every other person or persons owners thereof, and against the said lot of ground, and every part thereof, for the sum of $7.50, which said sum was the expense incurred in the removal of said nuisance, and, with lawful interest, is claimed as a lien against said premises, agreeably to the several acts of assembly in relation thereto.

Upon motions filed by Dungan and Michener, severally, alleging as grounds that the claims did not set forth that notice had been given to the registered owners of the properties charged, rules were granted to show cause why they should not be stricken off the record, which rules the court, in banc, FINLETTER, P. J., subsequently made absolute. Thereupon the claimant in each case took out a writ of error and an appeal, assigning the orders striking off the claims as error.

At the argument in this court, the appellees moved to quash the writs of error, on the ground that the appellant was not entitled to two remedies for the correction of the same alleged error.

*Mr. E. Spencer Miller, Assistant City Solicitor* (with him *Mr. Chas. F. Warwick, City Solicitor*), for the plaintiff in error:

1. Section 4, act of March 11, 1846, P. L. 115, provides that "no plea averring want of notice to remove nuisances shall be allowed in any such action." The effect of this provision is wholly to exclude from the issues of the case, the matter of notice for the removal of a nuisance.

2. The registered owners named upon the claims are there stated as of the time of filing, six months after the work is done. The lien must be filed "against the owner or reputed owner:" Section 2, act of April 7, 1830, P. L. 348. In like manner, under § 10, act of April 16, 1840, P. L. 413. Section 1, act of March 29, 1867, P. L. 600, is hardly capable of a dif-

Opinion of the Court.

ferent construction. It provides that no registered property shall be subject to sale upon a municipal lien "thereafter to accrue, as a lien of record thereon, except in the name of the owner as returned." Under this provision the practice has been to suggest the name of any new registered owner at the filing of the lien, and at the issuance of each scire facias.

3. It is nowhere required in the system of legislation applying to municipal claims, that the five days notice shall be served upon the registered owner. In Gans v. Philadelphia, 102 Pa. 97, and Simons v. Kern, 92 Pa. 455, the ground of the ruling, at the broadest interpretation, was that since the act of March 14, 1865, P. L. 321, and the supplement of March 29, 1867, P. L. 600, all the requisites of legal proceedings upon any claim must be directed to the registered owner. But the notice to remove a nuisance is not a feature of the legal proceeding, but preliminary to it. Moreover, it nowhere appears that there was any registered owner when the work was done for which the claim was filed. The claims show that six months later when the liens were filed, there were such owners.

*Mr. E. O. Michener*, for the defendants in error:

There can be no valid lien, unless all the requirements of law are complied with: West. Penn. Ry. Co. v. Allegheny, 92 Pa. 100. Before the board of health can do work upon the property of a citizen, and charge him with the cost, it must notify him to have it done: Act of January 29, 1818, P. L. 38. Since the statutes require the owner to register his deed, he is the owner contemplated, is entitled to notice, and the claim must allege that notice was given: Simons v. Kern, 92 Pa. 455; Gans v. Philadelphia, 102 Pa. 97; Connellsville Borough v. Gilmore, 15 W. N. 343; Philadelphia v. Woodward, 13 W. N. 372. As these liens are read in evidence as proof of all they contain, and as the owner cannot deny the truth of the averment of notice, they should be held to the strictest interpretation.

OPINION, MR. CHIEF JUSTICE PAXSON:

There was a writ of error and an appeal in each of these cases. We are asked to quash the writ of error upon the ground that the plaintiff is not entitled to both remedies.

The reason is good; the error is in its application. The writ of error is the appropriate remedy : the appeal was improvidently taken and will be quashed.

The claim was filed by the board of health for the cost of abating a nuisance. It designates Craven & Son as owners or reputed owners, and Samuel H. Dungan as registered owner. In the body of the claim it is averred that due notice was given " to the said Craven & Son, owners or reputed owners, to remove said nuisance," and that upon their non-compliance with said request the city proceeded to remove said nuisance, etc. This averment excludes any allegation that notice was given to the registered owner, and for this reason we regard the claim as fatally defective. It was said by this court in Connellsville Borough v. Gilmore, 15 W. N. 343, which was also a claim filed for removing a nuisance, that " a municipal claim being the creature of statute, and unknown to the common law, must conform to the law of its creation. This claim is radically defective. The act of 1851 only empowers the borough to file such a claim after the default of the owner or occupier to remove the obstruction, and after a demand upon him by the borough authorities to do so. Such demand being a prerequisite, should have been averred in the claim."

Every word of this is applicable to the case in hand. In the city of Philadelphia, since the passage of the registry act, where notice is required to be given to the owner, it must be given to the registered owner, if there be one. The object of the notice is to enable the owner to remove the nuisance, and thus avoid the increased expense of having it done by the city. The object of the registry act was twofold, (a) to enable the city to designate the true owner with reasonable certainty, and (b) to provide for actual notice to such owner of municipal claims affecting his property. It is not enough to give notice to a reputed owner, who is often a vicarious John Doe or Richard Roe, and then after the work has been done by the city, and perhaps large additional costs have been incurred, insert the name of the registered owner in the claim filed. It is as easy to ascertain the name of the registered owner when the notice is to be given as when the claim is filed. The foregoing views are sustained by abundant authority. It is sufficient to refer to Simons v. Kern, 92 Pa. 455; Gans v. The City, 102

Pa. 97. We have made similar rulings in the western district, not yet reported.*

It is true the point decided in the cases cited was that the sale of the property of a registered owner without notice to him was void, and from this it may be inferred that it is sufficient to name him in the claim and serve him in the manner required by the act of assembly. This may be so in some instances, but where a previous notice is required to be given to the owner, as in the case of the removal of a nuisance, and the city has no right to charge him with the cost of such removal, except after his neglect to do so, it comes clearly within the reason of the cases cited to hold that the notice must be given to the registered owner, if there be one. As was said by our late colleague, Mr. Justice TRUNKEY, in Gans v. The City, supra, " notice to the owner being a prerequisite, the claim should be filed against the property in the name of the person upon whom the notice was served. The law requires the return and registry of the owners of every lot of ground upon the plans of the city, and if so registered, the lot shall not be sold for taxes or other municipal claims, except in the name of the owner as returned. Although the proceeding is in rem, it is contemplated that the owner's name shall appear in the claim and proceedings thereon." This means all the proceedings, as well those which occur at the incipiency of the claim, as those which relate to its enforcement. The necessity of notice to the owner to remove a nuisance is conceded, and the authorities cited show that a sale without notice of the claim is forbidden by law and is absolutely void.

It was urged on behalf of the city that inasmuch as the claim is silent as to when Mr. Dungan became registered owner, there is no presumption that he was such at the time the notice was given. We do not see the force of this. We think there is such a presumption; at any rate, the city is bound to put on record every averment necessary to sustain its claim, and if Mr. Dungan's deed was not registered at that time it was very easy to have said so.

> The judgment is affirmed in each case upon the writ of error. The appeal in each case is quashed at the costs of the appellant.

---

*Perhaps in Ferguson v. Quinn, 123 Pa. 337.