# Pittsburg v. Magee.

*Municipal lien—Taxes—Practice, C. P.*

The city of Pittsburg is not entitled to a verdict and judgment in a scire facias upon a claim for taxes upon land, where in the body of the claim as filed the name of a stranger to the title is given as the owner or reputed owner, and where it is admitted on the trial that the assessment was made in his name, that the published delinquent tax list described him as the owner, and that the name of the true owner who had duly registered her title, as provided in the Act of February 24, 1871, P. L. 126, did not appear in any way in connection with the claim or lien until the writ of scire facias was issued. It is not sufficient that the true owner be warned and given an opportunity to contest the claim, under a scire facias and to show any fact which would relieve his land from liability. Wolf v. Philadelphia, 105 Pa. 25, followed.

Argued May 8, 1900.   Appeal, No. 209, April T., 1900, by defendant, in suit of city of Pittsburg against James Friel, owner or reputed owner or whoever may be owner, with notice to Jane W. Magee, registered owner, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1899, No. 62, delinquent tax docket, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed. Opinion by RICE, P. J.

Sci. fa. sur tax lien.

It appears from the record and evidence that in the year 1898, the city assessors assessed the lot in controversy in the name of one James Friel, who never owned it but who had lived in the house more than ten years before that date, and who had been dead for ten years or more when the said property had been assessed.   Jane W. Magee acquired title to this lot in the year 1883, when she caused a description of the property to be furnished to the city engineer, and registered in a book kept by him for that purpose as required by the Act of February 24, 1871, P. L. 126.   When the delinquent tax list was advertised, the name of James Friel alone appeared with relation to the taxes due on the said lot, and the name of Jane W. Magee was not mentioned in the advertisement.   The name of Jane W. Magee did not appear in any way in connection with the said claim or lien until the writ of scire facias was issued thereon, which was served upon Jane W. Magee, in the manner provided by law for the service of writs of that kind, by personal service upon her or by acceptance for her by her attorney.

The court charged the jury as follows :

[This court has already in another case decided upon this state of facts that the plaintiff is entitled to recover, and we so instruct you in this case.] [1]

Verdict and judgment for plaintiff for $64.99.   Defendant appealed.

*Error assigned* was to a portion of the judge's charge, reciting same.

*H. A. Davis*, of *Davis & Galbraiths*, for appellant.—The reg-

istry act puts a burden upon every property holder to register his deed. And when he has done so the act reciprocally undertakes to protect him against secret claims. in the name of others than himself.

The act providing for the advertisement of delinquent taxes makes it the duty of all delinquent taxpayers to pay the expense of a public notice to themselves of their delinquency, and reciprocally gives them the right to receive such notice through the public prints, that is, a notice containing the name of the property holder, who, if the title has been registered, is well known to the city officials, and not the name of some other person or some imaginary person having no existence except in the fancy of the assessors.

This practice continued in Philadelphia until the decision by the Supreme Court in the case of Wolf v. Philadelphia, 105 Pa. 25, where the Supreme Court ruled that the assessment of the property in a name other than that of the registered owner, could be taken advantage of as a valid defense to the lien.

This has been followed by the orphans' court of this county in McClurg's Estate, 4 Pa. Dist. Rep. 655, and by the United States circuit court and United States circuit court of appeals in City of Pittsburg v. Murphy, 95 Fed. Repr. 57. In the last named case the question was not directly raised but it was taken as settled by all parties and by the court, that if the property was registered in the name of one person and assessed in the name of another, the lien was not valid.

*A. C. Robertson,* for appellee.—The proceedings under the act are strictly in rem, and under the act and the case of Bradley v. Pittsburg, 130 Pa. 475, it is apparent that the city has a right to file liens for unpaid taxes against the property as property, and the assessment and the filing of the lien as such is a proceeding in rem. This being the case the city had the right to file the lien filed at the above number and term against the property described in the lien.

The following cases are cited as sustaining the city's contention in this matter: Hering v. Chambers, 103 Pa. 172; Ferguson v. Quinn, 123 Pa. 337; White v. Ballentine, 96 Pa. 186.

There is nothing in the act of 1871 which in terms or by fair implication makes void the assessment simply because the

property being duly registered in the engineer's office, and by the neglect or carelessness of the assessor, it is described as belonging to some other person than the owner.

If the property is sufficiently described in the assessment, which we think it was in this case, it becomes a valid lien although assessed in the name of one having no interest thereon. But when action is taken to enforce the lien by scire facias, the title of the owner cannot be affected unless he is put upon the record and notified as in case of a summons. This gives an opportunity to contest the claim and show any fact which will relieve him from liability. This is all he would seem to be entitled to.

OPINION BY RICE, P. J., November 19, 1900:

This was a scire facias upon a municipal claim for taxes filed against James Friel who was described in the body of the claim as " owner or reputed owner." The writ was duly served on Jane W. Magee, the true owner, and she defended upon the ground that her title having been duly registered in the city engineer's office as provided in the Act of February 24, 1871, P. L. 126, the claim could not be enforced by sale of her land, because the assessment was made and the claim filed in the name of James Friel, who was not the owner and had no interest whatever in the lot at the time the assessment was made.

The Act of May 16, 1857, P. L. 541, relating to the city of Pittsburg, provided that all taxes which might thereafter be lawfully imposed or assessed by authority of the city on any real estate should be a lien thereon. The 4th section provided that public notice in the authorized newspapers should be given to all persons who omitted to pay their taxes to pay them before a certain time, in default of which warrants would be issued for their collection; that in case any collector to whom a warrant was issued should return that the taxes could not be collected for want of goods and chattels on which to levy, the city treasurer should certify the same to the city solicitor, whose duty it should be to file the same in the office of the prothonotary; that thereupon a fi. fa. should be issued by virtue of which it became the duty of the sheriff to levy upon and sell the real estate upon which the taxes were assessed; and that the sale should vest in the purchaser all the right, title

and interest of the defendant in the writ. Some of these provisions have been supplanted by subsequent legislation but the changes are not such as to affect the question for decision. Under this act the true owner was subjected to the risk of having his title clouded, if not divested, by sale in the name of a stranger to the title, without notice to him or opportunity to be heard as to the liability of his land to the assessment. To remedy this, as well as to furnish the taxing officers proper information, the registration act of 1871, supra, was passed. It is " a carefully drawn local or special act, providing for a complete system of registration in the city of Pittsburg· alone, designed to facilitate the assessment of real estate, the collection of taxes and municipal claims thereon, etc., and at the same time to protect registered landowners against the consequences of covert sales for taxes or other municipal claims, blunders of incompetent or negligent officials," etc. : Safe Deposit Co. v. Fricke, 152 Pa. 231. Section 4 provides that it shall be the duty of all owners of houses and lots, or tracts of ground, to furnish descriptions of their property to the engineer, to aid him in making up his book of plans; and whensoever such descriptions shall have been furnished, and the certificate of the engineer or his assistant shall be received, "no property shall be subject to sale for taxes or other municipal claims thereafter to accrue as liens of record thereon, except in the name of the owner as returned, and after recovery by suit and service of the writ on him, as in case of summons, scire facias or other appropriate writ."

.Two views have been suggested for our consideration in the construction of this legislation. One is that the act of 1857 makes the land debtor for the taxes assessed upon it, that where the assessment sufficiently identifies the land a valid lien is created, notwithstanding the mistake of the assessor in stating the name of the owner, and that the only change in the law made by the act of 1871 was to require, that, before sale, the true owner, who had duly registered his title, be warned and given an opportunity to contest the claim and to show any fact which would relieve his land from liability. This was the view taken by the court below. The other view is that the whole proceeding, beginning with the assessment, whereby the land is made liable to sale, must be in the name of the true owner if he has duly registered his title; at least that he can-

not be ignored in the whole proceeding until the scire facias is issued.

Take the facts of the present case for illustration of the working of the law as construed by the appellee.   It was admitted on the trial that Miss Magee is and has been since January, 1883, the actual owner of the premises ; that the conveyance to her was duly registered in the city engineer's office in January, 1883 ; that since that date the records of that office have shown her to be the registered owner; that James Friel, who is described in the claim filed in the prothonotary's office as the owner or reputed owner, was at one time a tenant of the property, but died, or removed therefrom, prior to the year 1890 ; that the assessment for the year 1898, the claim in suit, was made in his name as owner and so advertised in the delinquent tax list ; " and that the name of Jane W. Magee did not appear in any way in connection with said claim or lien until the writ of scire facias was issued thereon." This lax mode of subjecting land to sale for taxes is not to be encouraged. If pursued customarily it cannot but be disadvantageous to the city as well as to the taxpayer who has faithfully complied with the law by registering his title.    Instead of facilitating, it tends to delay the collection of taxes.    Is it permissible under the law?    It is to be observed that before a lien may be filed of record the delinquent tax list must be published : Act of March 15, 1878, P. L. 7, sec. 3.    The object of this is to give notice to those who have omitted to pay their taxes.    Where the landowner has duly registered his title and has honestly paid all the taxes that he supposed were assessed against him or his land, but by inadvertence has overlooked a particular lot, the publication of his name in the list gives him the warning it is reasonable he should have before being subjected to further costs.    The omission of his name from the assessment and the delinquent tax list is misleading, and a plausible argument may be made that the general principle enunciated in Philadelphia v. Dungan, 124 Pa. 52, and Gans v. Philadelphia, 102 Pa. 97, is applicable, namely, that when notice to the owner is an essential prerequisite to the filing of a valid lien it must be given to the true owner if he has duly registered his title.    It may be said in answer to this argument that the law does not require the publication of the name of the true owner, but only " the name of the person assessed, a description of the property, and

the amount due thereon." Possibly this is a sufficient answer to the argument, therefore we do not say that the principles of the last two cases, standing alone control in the present case. But the case of Wolf v. Philadelphia, 105 Pa. 25, is more nearly in point. In that case a municipal claim was filed by the city of Philadelphia against William Wolf for an assessment for building a sewer. The property against which the assessment was made and the lien was filed, was owned by Jacob Schoening, who had duly registered his title as provided by statutes, which, in the particular under consideration, do not differ from the act of 1871. By writing filed the same day the writ was issued, Schoening was suggested as the actual and present owner of the premises, and he appeared and defended the action. Mr. Justice CLARK, who delivered the opinion of the Supreme Court, after referring to the well-established principle that such a burden is a species of taxation and that the remedy for its collection is a proceeding in rem, and not in personam, said: " We can see no reason, however, why the defendant below might not have availed himself of the registry of his deed in the survey department, as a defense to the lien. Since the Act of March 14, 1865, P. L. 320, and the supplement thereto of March 29, 1867, P. L. 600, the fact of registration requires that the property shall be charged and pursued in the name of the registered owner ; and as there accompanied the deed a draft or plot which gave the dimensions and locality of the premises, it was improperly charged in any other name than that of Schoening." It is true that Schoening had a defense on the merits which the Supreme Court held to be sufficient, but that does not detract from the force of the ruling which was made upon the question as to the proper method of charging the land, and unless the language above quoted is to be treated as mere obiter dictum, it applies to and controls a case, where in the body of the claim, as filed, the name of a stranger to the title is given as the owner or reputed owner, and where it is admitted that the assessment was made in his name, that the published delinquent tax list described him as the owner, and that the name of the true owner, who had duly registered her title, did not appear in any way in connection with the claim or lien until the writ of scire facias was issued. Upon a view of all the facts taken together we are constrained to hold that the court erred in giving binding instructions for the plaintiff.

Judgment reversed and a venire facias de novo awarded.