Phila. to use of McManus et al. v. Unknown Owner and Kester, Registered Owner.

Phila. v. Unknown Owner.

*Municipal liens—Refusal to open judgment and strike off liens.*

Where a municipal claim has been filed in Philadelphia against "unknown owner," and judgment obtained thereon and revived, the court will not make absolute a rule to open the judgment and strike off the lien because it is alleged there was a registered owner not served.

Argued April 5, 1892.    Appeals, Nos. 255 and 256, Jan. T., 1892, by defendants, from orders of C. P. No. 3, Phila. Co., O. C. P., M. L. D., June T., 1874, No. 164, and O. C. P., City Claims, June T., 1874, No. 257, discharging rules to open judgments and strike off municipal liens.    Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

The docket entries showed that these claims were filed by the city of Philadelphia against the same lot, one to the use of McManus and O'Rourke, for paving and curbing, and the other for water pipe.    In 1879, in each case, an affidavit of service of notice was filed, and a sci. fa. issued and returned made known by posting and advertising and n. h. as to defendant.    In the first case judgment was entered in 1879, for want of a sufficient affidavit of defence, a sci. fa. to revive issued in 1884 and returned n. h.; an alias sci. fa. issued June 16, 1885, and returned made known to J. W. Kester, registered owner, and n. h. as to unknown, J. W. Kester, on June 19, 1885, being suggested as registered owner; judgment for want of an appearance was entered the same year; in 1890, a sci. fa. and alias sci. fa. to revive were issued and returned n. h., and judgment entered for want of an appearance.    In the second case, judgment was entered, in 1882, for want of an appearance; and in 1887 a sci. fa. and alias sci. fa. to revive were issued and a like judgment entered.    In 1891 the rules to strike off the claims were entered in both cases; and also, a day or two after, an appearance for the defendants, not naming them.    Both rules were discharged Oct. 11, 1891, and these appeals taken.

It was stated in the "argument" in the paper book of the appellant, in each case, that on the argument of the rule in the

court below, the defendant had filed, with the permission of the court, a certificate of the registry bureau, signed by John W. Frazier, registrar, certifying the lot in question to be " registered in this department as follows :

| Former owner. | Present owner. | Date of deed. |
| --- | --- | --- |
| Jno. W. Kester. | Gordon McNeil. | May 9, 1872, part. |
| Gordon McNeil. | Jno. W. Kester. | May 11, 1876, rem'r." |

*Errors assigned* in each case were (1) discharging and (2) refusing to make absolute the rule to open judgment and strike off lien.

*J. Campbell Lancaster*, for appellant.—No notice was given to the registered owner ; nor was the sci. fa. served on him as a summons, as required by the act of March 29, 1867. These cases are within the purview of the act : Simmons v. Kern, 92 Pa. 455 ; Gans v. The City, 102 Pa. 97 ; and Phila. v. Dungan, 124 Pa. 52, which decides that the presumption is that there was a registered owner.

The certificate of the registry bureau is made evidence by the act of March 14, 1865.

Under the act of May 20, 1891, this court can amend, modify or reverse the decree in a case like this, and can make the certificate of the registry bureau a part of the record.

A sheriff's sale under these judgments and claims would confer no title : Simmons v. Kern, supra ; and a verdict could never be recovered upon trial : Gans v. City, supra. Besides, if the sci. fas. were improperly served, the lien is also lost by lapse of time.

*P. H. Lynch* and *Pierce Archer* for appellee, in the first case, and *E. Spencer Miller*, assistant city solicitor, and *Charles F. Warwick*, city solicitor, for appellee in second case, not heard.

PER CURIAM, April 18, 1892:
Judgment affirmed in each case.