# Philadelphia *v.* Adams.

*Opening judgment—Hearing on merit—Waiver of formal defects.*

Where a defendant, with the record of the proceedings on a municipal claim before him, attacks a judgment and demands a hearing on the merits, he will be held to have waived all mere formal defects in the writ and the manner of service, and to have submitted himself to the jurisdiction of the court; and where he failed to establish his defense upon the merits, the rule to open the judgment was properly discharged.

*Municipal claim—Refusal to strike off judgment for alleged nonservice of registered owner.*

Where a municipal claim has been filed in Philadelphia and judgment obtained thereon and revived, the action of the court of common pleas in refusing to strike off the judgment because it is alleged there was a registered owner not served, will not be reversed upon appeal.

Argued Oct. 9, 1900. Appeal, No. 57, Oct. T., 1900, by Benjamin C. Wilson, terre-tenant, in suit of the city of Philadelphia to the use of Emanuel Peters, against John Q. Adams, owner, etc., from order of C. P. No. 1, Phila. Co., March T., 1876, No. 57, M. L. D., discharging rule to open judgment. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Rule to open judgment sur a city to use paving claim, and also rule to quash scire facias and strike off judgment.

It appears from the record that in his petition to open the judgment, defendant alleged that the street on which the property in question was situated had never been opened. An answer filed alleged that the street had been an open public street for at least twenty-five years before the paving was done.

The court below discharged the rule to open the judgment and to strike off the same. Defendant appealed.

*Errors assigned* were (1) in discharging the rule to open the judgment. (2) In discharging the rule to strike off judgment.

*Henry J. Hancock*, with him *William D. Neilson*, for appellant.—1. Was the court below justified in refusing to open the judgment? The general rule is clear that all these proceedings are in derogation of rights at common law, and there is no reason or policy in the law to cause courts of justice to be astute to find reasons to sustain a lien where more than twenty-four years has elapsed and no attempt has been made to enforce it. That is, the record must show a literal compliance with the statute: Tilford v. Wallace, 3 Watts, 141; Bolton v. John, 5 Pa. 145.

This principle was enforced in another recent case where the service of the alias writ was defective, and the Supreme Court put it on the ground the court had acquired no jurisdiction, and the sale therefore passed no title to the purchaser: Ferguson v. Quinn, 123 Pa. 337. See also O'Byrne v. Phila., 93 Pa. 225.

The use plaintiff had until February 10, 1896, to become aware of the change in the ownership of the property and to bring in the new owner, the appellant, if he wished to do so. A judgment against Adams could not bind the land in the hands of a new terre-tenant unless it was revived by an alias scire facias in which such terre-tenant was brought in and made a party, within five years from the date of the judgment, or the scire facias to revive such judgment within five years after the original scire facias to revive had issued, the previous judgment here having been taken February 11, 1886. The scire facias to revive issued February 9, 1891, and the scire

facias to Wilson must have issued by February 10, 1896. This was decided in the late case of Uhler v. Moses, 10 Pa. Superior Ct. 194, and it rules the case now before the court.

2. Was the court below right in refusing to strike off the lien ?

In the following cases the court struck off judgments on the averment of facts outside the record: Baker v. Singer Mfg. Co., 122 Pa. 363; Martin v. Rex, 6 S. & R. 296; Bryn Mawr Nat. Bank v. James, 152 Pa: 364; Knox v. Flack, 22 Pa. 337; Warder v. Tainter, 4 Watts, 270; Yaple v. Titus, 41 Pa. 195; Davidson v. Thornton, 7 Pa. 128.

In Scranton v. Manley, 13 Pa. Superior Ct. 439, this court reversed the court below for discharging a rule to strike off a judgment where the return showed the scire facias was only served nine days before the return day.

*J. Hibbs Buckman,* with him *William Hopple, Jr.,* for appellee.—The record is straight upon its face : France v. Ruddiman, 126 Pa. 257.

The court of common pleas has no power to strike off a judgment except for want of jurisdiction or other fatal irregularity appearing on the face of the record: Phila. v. Jenkins, 162 Pa. 451.

A motion to strike off a judgment must be on the ground of irregularity appearing on the face of the record. A motion to open the judgment is an appeal to the equitable power of the court: O' Hara v. Baum, 82 Pa. 416.

This is not a rule to open the judgment, but to strike off. The rule to open was stopped and abandoned when the allegation as a basis thereof was denied, and appellant neglected to take depositions.

The original judgment entered under the claim is not sought to be attacked, only the revival and second judgment.

The validity of the original judgment cannot be inquired into on a scire facias to revive : Simon v. Kendig, 4 Kulp, 493; Irwin v. Nixon, 11 Pa. 419.

Where a municipal claim has been filed in Philadelphia against an " unknown owner " and judgment obtained thereon and revived, the court will not make absolute a rule to open judgment and strike off the lien because it is alleged there was

a registered owner and not served : Philadelphia v. Kester, 149 Pa. 22.

The liens of municipal claims and their revivals are provided for by separate and distinct acts from the acts pertaining to judgments, and the scire facias issued thereunder are regulated by them, viz : Act of March 11, 1846, P. L. 114 ; March 23, 1866, P. L. 303 ; June 16, 1836, P. L. 695, sec. 24.

In Haddington Church v. Philadelphia, 108 Pa. 466, the court draws the distinction between the two.

OPINION BY W. D. PORTER, J., December 10, 1900 :

When the appellant, on July 6, 1898, began his attack upon the judgment which he now seeks to have stricken off, he had before him the whole record, from the original municipal claim as filed, down to the judgment entered upon the second scire facias to continue the lien, and he knew who had been the registered owners of the lot against which the lien was filed. He elected to assail the plaintiff's right to recover at all for the improvement made to the property, and alleged a defense upon the merits ; the only suggestion, in the original petition, of a reason why the plaintiff should not recover being " that the said Harrison street, on which the property hereinafter described is situate, has never been opened." Upon this petition a rule was granted upon the plaintiff to show cause why the judgment should not be opened, and the plaintiff filed an answer alleging that the street had been an open public street for at least twenty-five years before the paving was done. When the appellant thus proceeded to demand a hearing upon the merits, he must be held to have waived all mere formal defects in the writ and the manner of service, and to have submitted himself to the jurisdiction of the court : Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33 ; 197 Pa. 230. The rule to open the judgment was, on September 9, 1899, discharged, but was, on the 25th of the same month, reinstated. On November 20, 1899, a rule was granted to show cause why the judgment should not be stricken off. On December 5, 1899, the appellant filed a supplemental petition, in support of this second rule, in which he set forth that Adams had not been the registered owner of the lot at the time the work was done ; that the registered owner at that time was William C. Flanagan ; that

Flanagan's title had become vested in appellant by a sheriff's sale, and that appellant's deed had been duly registered on July 15, 1895. All of these things were known to the appellant when he presented his petition to open the judgment, yet at that time he remained silent concerning them, and it was only after almost a year and a half had expired that he sought to avail himself of these new grounds of defense. We must hold that the appellant having, with full knowledge of the facts and his rights growing out of them, failed to allege the facts in his original petition, and elected to seek a determination of the action upon its merits, was guilty of laches in failing for over a year to assert his rights, if he had any. He must be held to have waived all formal defects in the proceedings.

The appellant having failed to establish his defense upon the merits, the rule to open the judgment was properly discharged. The appellant was not in a position to take advantage of any formal defects in the proceeding, and the only question presented to the court below in disposing of the rule to strike off the judgment was that arising out of the allegation that the property had not been registered in the name of Adams at the time the work was done, and that it had been registered in the name of Flanagan, whose title subsequently vested in the appellant. It has been decided that where a municipal claim has been filed in Philadelphia and judgment obtained thereon and revived, the action of the court of common pleas in refusing to strike off the judgment because it is alleged there was a registered owner not served, will not be reversed upon appeal: Philadelphia v. Kester, 149 Pa. 22. In the present case the record is in all respects regular upon its face. The plaintiff has a right to a lien upon whatever title Adams had. The title of Adams may have been adverse and superior to that of Flanagan. We cannot determine this question of title upon a motion to strike off a judgment; the action of the court below in discharging the rule which sought to accomplish this result was free from error.

Judgment affirmed.