## Philadelphia *v.* Adams, Appellant.

*Municipal lien—Scire facias to revive—Judgment—Terre-tenant—Affidavit of defense.*

When the actual owner and the registered owner of the premises against which a municipal lien has been filed are one and the same person, the legislation which protects the registered owner will not permit a lien to be fastened upon his title by bringing him in as a terre-tenant by a scire facias in a series of proceedings extending over a period of twenty years, and of which neither he, nor any previous real or registered owner has had notice.

On a scire facias to revive a judgment on a municipal lien, an affidavit of defense is sufficient which recites in detail the proceedings under the lien and avers that no one of the actual or registered owners under whom

the defendant claims had ever been made a party to or had notice of the proceedings under which the judgment was entered, or any proceedings to revive such judgment, except the proceeding in which the affidavit is filed.

Argued Oct. 16, 1901.   Appeal, No. 117, Oct. T., 1901, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1876, No. 57, M. L. D., making absolute rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia, to use of Emmanuel Peters v. John Q. Adams, Owner, etc.   Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ.   Reversed.

Scire facias to revive a judgment on a municipal lien.

Benjamin C. Wilson filed an affidavit of defense in which he averred as follows:

That he is the owner of premises described in above lien by virtue of sheriff's sale on a levari facias sur tax claim, returnable the first Monday of July, 1895; that said deed was duly acknowledged July 13, 1895, and recorded in sheriff's deed-book No. 150, page 850, etc., and was registered in bureau of surveys, July 15, 1895.

That the equity of redemption of the defendant in said sale did not expire until July 14, 1897.

That the actual and registered owner of said premises at the time this lien was filed was William C. Flanagan, by virtue of deed dated October 25, 1870, and recorded October 27, 1870, in deed book J. A. H., No 67, page 427, etc., which deed was duly registered in the bureau of surveys on October 25, 1870; that the above John Q. Adams was not the actual and registered owner of the premises in question when the work was done for which the lien was filed, nor at any time since.

That the said William C. Flanagan was not served with the ten days' notice of issuing the scire facias sur claim, as appears from record, nor was he made a party to the scire facias sur claim which was issued March 18, 1881, and upon which judgment was entered on February 11, 1886; that he had a well-known residence in the city of Philadelphia at the time the notice was served and the scire facias issued.

That a scire facias to revive the judgment was issued on February 9, 1891, and your petitioner took title to the prem-

ises aforesaid on July 13, 1895, and his deed, therefore, was duly registered and recorded as stated.

That an alias scire facias to revive the said judgment issued on January 4, 1896, directed against John H. Adams (which was not the name of defendant in lien), but notwithstanding your petitioner having registered his deed according to law, he was not made a party to said scire facias, which writ recited the judge attesting said writ to be Joseph Allison, who was not at that time the presiding judge of the court.

That your petitioner has never signed an agreement to continue the lien of said judgment, nor is there any such agreement of record made by said W. C. Flanagan, the actual and registered owner, when said judgment was entered and when the scire facias to revive the same was issued, or at any time since.

That it appears from the certificate of the registry bureau, hereto attached, that the-said Harrison street, on which the property herein liened is situate, has never been opened; that your petitioner is advised, and therefore avers, that the lien in this case is invalid and void by reason thereof.

That no service has ever been had or obtained on any writ of scire facias or alias writ of scire facias issued on this claim against the registered owner of this property at any time heretofore, except the writ to which this affidavit is filed as a defense.

That the registered owner has never had at any time an opportunity to defend this case heretofore or any notice thereof.

That this deponent is advised, and therefore avers, that he has never had an opportunity prior to this time for a hearing in this proceeding in that his application to open the judgment was refused, and his application to strike off the judgment was likewise refused for technical reasons.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Henry J. Hancock*, with him *William D. Neilson*, for appellant.—There could have been in this case, no valid judgment, and all the cases cited or that may be cited limiting the defenses

that can be set up to a sci. fa. have no applications, and are worthless as authorities, because they are dependent on an original valid judgment having been first obtained.

There is a long list of cases holding the Act of March 14, 1865, P. L. 320, and its supplements, the Act of March 23, 1866, P. L. 303, providing for the service of the notice of the issuing of a sci. fa., and also the Act of March 29, 1867, P. L. 600, must be literally complied with. These cases have never been overruled or their authority impaired as to Philadelphia county, to which they are specially applicable, except in Phila. to use v. Adams, 15 Pa. Superior Ct. 483.

The equity of the case is clear. This is not simply the case of a defendant who got the street in front of his property paved and wishes to evade paying for it. It is the case of a property holder with a well-known residence in the city of Philadelphia, who owned land on an unopened street and who without any notice or knowledge finds his property paved against his will at a premature time and then liened. Flanagan had no notice, though he was the registered owner and had complied with the law. If the use plaintiff is entitled to enforce this lien he might just as well have sold the property instead of putting twenty-five years' interest on the claim before attempting to collect it. The title of appellant is indisputable for it was derived in an execution on a judgment against Flanagan.

The alias scire facias to revive issued January 4, 1896, and on which judgment was subsequently obtained, did not bring in Wilson, the appellant, who had duly registered his deed in the bureau of surveys, July 15, 1895, and the Act of June 1, 1887, P. L. 289, applied: Uhler v. Moses, 10 Pa. Superior Ct. 194.

A review of all the legislation on the subject shows there is not a word in the acts of assembly to differentiate or distinguish a scire facias to revive a judgment on a municipal lien from that on an ordinary judgment.

*J. Hibbs Buckman*, with him *William Hopple, Jr.*, for appellee.—In no case and under no circumstances can the merits of the original judgment be inquired into by the defendant on a scire facias upon that judgment, so as to enable him to set up a defense which might have been used in the original suit: Car-

desa v. Humes, 5 S. & R. 65; Lysle v. Williams, 15 S. & R. 135; Davidson v. Thornton, 7 Pa. 128; Pittsburg, etc., Ry. Co. v. Marshall, 85 Pa. 187; Seymour v. Hubert, 92 Pa. 499; Dowling v. McGregor, 94 Pa. 411; Campbell's App., 118 Pa. 128; Lauer v. Ketner, 162 Pa. 265; Bickel v. Cleaver, 13 Pa. C. C. Rep. 314; Conlyn v. Parker, 113 Pa. 32; Stroud's App., 109 Pa. 329; Trader v. Lawrence, 182 Pa. 233.

OPINION BY W D. PORTER, J., January 21, 1902:

If this case was presented in the court below in the same manner in which it has been argued here it is not strange that this judgment was entered. The appellant has made it clear that he believes his affidavit of defense to be insufficient unless he can induce this court to overrule its decision in Philadelphia v. Adams, 15 Pa. Superior Ct. 483. The record which was in that case presented for our consideration showed a judgment against Adams alone and was in all respects regular upon its face. The appellant was not a party to the record, but presented a petition alleging a defense upon the merits and praying that the judgment be opened; an answer to this petition was filed denying the allegations of fact. More than a year later the appellant moved to strike off the judgment for reasons not appearing upon the face of the record. The court below discharged both rules, and upon the authority of Philadelphia v. Kester, 149 Pa. 22, and Jeannette Boro. v. Roehme, 9 Pa. Superior Ct. 33, affirmed by the Supreme Court in 197 Pa. 230, this court affirmed the judgment. We cannot disregard two decisions of the Supreme Court and must adhere to what we said in Philadelphia v. Adams. The judgment entered by the court below may be erroneous, however unsound the reasons urged by the appellant for its reversal.

The question here presented is entirely different from that which arose out of the record upon the former appeal. The plaintiff now makes the appellant a party to the proceeding and attempts to fix a lien upon his title. He is required by this writ of scire facias to show cause why the land in his hands should not be bound by the lien. Adams, the original defendant, may have been without an equitable defense to the lien and the proceedings as against him may have been regular, that is all that the former adjudication determined. The appellant in

his affidavit of defense unequivocally stated the chain of title under which he claimed and the names of the real and registered owners of the land from a time prior to the date at which this lien accrued, that the land was conveyed to him on July 13, 1895, and his deed was recorded and registered on July 15, 1895; and it is expressly averred that Adams was not the actual or registered owner of the premises in question when the work was done for which the lien was filed, nor at any time since. The affidavit recites in detail the proceedings under the lien and avers that no one of the actual or registered owners under whom he claims has ever been made a party to or had notice of these proceedings. If the facts are as stated in this affidavit, neither the actual nor registered owners of this land have ever been made parties to this lien or any proceeding under it, and the lien has been kept alive for twenty years against a fictitious defendant. Whatever may have been the rights of the plaintiff as against Adams, it is very clear that when the actual owner and the registered owner are one and the same person, the legislation which protects the registered owner will not permit a lien to be fastened upon his title by bringing him in as a terre-tenant by a scire facias in a series of proceedings extending over a period of twenty years and of which neither he nor any previous real or registered owner has had notice. We are of opinion that the affidavit of defense was sufficient.

The judgment is reversed and a procedendo awarded.