## Philadelphia, Appellant, *v.* Nell.

*Municipal lien—Registered owner—Scire facias—Revival.*

Where a municipal lien for water pipe is not filed against the owner registered at the time, and none of the successive sci. fas. to revive are issued against the subsequent registered owners, the actual and registered owner after the last revival is entitled in a trial upon an issue to determine the validity of the judgment to a verdict and judgment in his favor against the lien.

Argued Oct. 22, 1903. Appeal, No. 184, Oct. T., 1903, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1875, No. 5, M. L. D., on verdict for defendant non obstante veredicto in case of Philadelphia v. Frank C. Nell. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Issue to determine the validity of a judgment of revival.

The facts appear by the opinion of the Superior Court.

The court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*John M. Patterson* and *James Alcorn*, assistant city solicitor, with them *John L. Kinsey*, city solicitor, for appellant.—On a sci. fa. to revive a judgment, no defense can be made except one that has arisen since the judgment: Lauer v. Ketner, 162 Pa. 265.

As these liens were matters of record and the present defendant knew of them when he took title to the property or could have known of them by making the ordinary searches or making application to a title company, and as he deducted the amount from the purchase money which he had agreed to pay, he ought not to be permitted to avoid the payment of a just claim upon technical grounds when he has the funds in his hands with which to pay : Philadelphia v. Unknown Owner, 148 Pa. 536 ; Philadelphia v. Unknown Owner, 149 Pa. 22.

*Henry B. Hodge,* with him *William D. Neilson,* for appellee. —There can be no valid lien unless all the requirements of law are complied with : West. Penna. Ry. Co. v. Allegheny, 92 Pa. 100.

The provisions of the Act of March 14, 1865, P. L. 320, and the supplement thereto of March 29, 1867, P. L. 600, have not been complied with.   Under those acts the fact of registration requires that the property shall be charged and pursued in the name of the registered owner: Simons v. Kern, 92 Pa. 455; Ferguson v. Quinn, 123 Pa. 337; Phila. v. Dungan, 124 Pa. 52; Wolf v. Phila., 105 Pa. 25; Phila. v. Adams, 18 Pa. Superior Ct. 639; Pittsburg v. Magee, 15 Pa. Superior Ct. 264; Phila. v. Fitton, 27 W. N. C. 340; Phila. v. Laughlin, 10 Pa. C. C. Rep. 49.

OPINION BY PORTER, J., July 28, 1904 :

The city, on December 6, 1875, filed a lien for water pipe against a lot at the corner of Hart lane and Front street road, and against " Frank C. Nell, owner, or reputed owner, or whoever may be owner."   This lien was regularly revived by successive sci. fas., the last judgment having been entered on September 16, 1897.   Samuel Rowen having, on April 9, 1902, presented his petition setting forth that he was the registered owner of the land, obtained a rule to show cause why the judgment should not be opened and he permitted to defend, which rule was subsequently made absolute.   A plea was entered and the parties went to trial upon the issue.   A verdict was rendered in favor of the plaintiff, the court reserving the question, " Whether the plaintiff is entitled to a verdict in this proceeding, in view of the fact that the lien was not filed against

the registered owner, and in view of the fact also that none of the sci. fas. issued in the case were issued against the registered owner." The court subsequently entered judgment in favor of the defendant upon the question reserved, and the city appeals.

There was no dispute as to the facts in this case, whether the city had a right to a judgment under the record as it then stood and the admitted facts was a question of law. The actual owner of the land at the time the lien was filed was John C. Thompson, who before the claim had accrued as a lien of record had duly registered his title in accordance with the provisions of the Acts of March 14, 1865, P. L. 320, and March 29, 1867, P. L. 600, there was no evidence of title in any other person at that time. All changes in the ownership of the property from a date prior to the filing of this lien have been promptly registered and the title which Rowen now holds has always been entitled to the protection afforded by the statutes referred to. The owner, who had duly registered his title, was not made a party to the original lien, nor has he, nor any of his successors, been made a party to any of the proceedings under it. The city might have made the registered owner a party to a scire facias to continue the lien, and such registered owner would have had the right to raise the question growing out of the failure of the city to comply with the provisions of the statutes: Simons v. Kern, 92 Pa. 455; Gans v. Philadelphia, 102 Pa. 97; Philadelphia v. Dungan, 124 Pa. 52; Philadelphia v. Unknown Owner, 20 Pa. Superior Ct. 203. The same rule must prevail when the registered owner voluntarily becomes a party to the proceedings and defends in a scire facias upon the lien which is a cloud upon his title. The effect of a judgment against him in either case would be the same; to fix the land in his hands for the lien. We are not now dealing with a proceeding to open a judgment, which is an appeal to the equitable powers of the court, in which the action of the court below is only to be reversed for an abuse of discretion, and the cases of which Philadelphia v. Kates, 150 Pa. 30; Philadelphia v. Adams, 15 Pa. Superior Ct. 483, and Philadelphia v. Lukens, 22 Pa. Superior Ct. 298, are examples, have here no application. The city made no attempt to prove that the actual owner of the land, at the time the claim accrued as

a lien of record, was other than the registered owner. The statutes, above referred to, providing for the registration of real estate in the city of Philadelphia afforded a perfect protection to the title of the appellee against this claim: Philadelphia v. Adams, 18 Pa. Superior Ct. 639.

The judgment is affirmed.