## Work v. Adams, Appellant.

*Practice, C. P.—Judgment for want of an affidavit of defense— Practice Act of 1915, Section 17—Refusal to open judgment.*

The refusal of the lower court to open a judgment entered for want of an affidavit of defense, as required by the provisions of the Act of 1915, will not be reversed on appeal. The provisions of the statute are designed to promote the prompt and convenient administration of justice, and the plaintiff is in the exercise of his statutory rights if he takes judgment, when the defendants failed to observe the requirements of the law.

*Judgments—Illegal judgments—Proceeding on merits—Waiver of defects.*

The proper practice to avoid a judgment illegally entered is by an application to strike off. Where the defendant has presented a petition praying the court to open the judgment and let him into a defense, on the merits, he will be considered to have waived any formal defects in the form of service, and must be held to have submitted himself to the jurisdiction of the court.

Argued April 16, 1919. Appeal, No. 110, April T., 1918, by Lon R. Adams, from order of C. P. Jefferson Co.,

262, (1919).] Statement of Facts—Opinion of the Court.

April T., 1918, No. 22, discharging rule to open judgment in case of A. N. Work, A. L. Lukehart, McKean Harl, surviving and liquidating partners of the firm of A. N. Work, trading and doing business as The Falls Creek Planing Mill Company, v. Lon R. Adams and J. J. Heiges, trading and doing business under the firm name and style of Adams and Heiges. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Rule to open judgment. Before CORBET, P. J.
The opinion of the Superior Court states the case.
The court discharged the rule to open judgment.

*Error assigned* was the order of the court.

*W. L. McCracken,* and with him *W. B. Adams,* for appellant.

*Lisle D. McCall,* for appellee.

OPINION BY HENDERSON, J., July 17, 1919:

This is an appeal from the refusal of the court to open a judgment taken by default for want of an affidavit of defense in an action of assumpsit. The summons and a copy of the statement of claim were regularly served on the appellant Lon R. Adams. More than fifteen days after the date of the service, no affidavit having been filed, judgment was taken pursuant to the provisions of Section 17 of the Practice Act of 1915. The petition to open does not set forth a sufficient excuse for the omission to file an affidavit, nor do we find in the depositions taken any evidence which relieves the defendant from the charge of negligence in that respect. He testified: "As to the reason why I did not file my affidavit of defense in this case within the required fifteen days, I left it with my brother, and I guess he forgot it. My brother is a practicing attorney and I was depending on him to tell

me what to do." The summons and the statement of claim had been left with the defendant's attorney by the sheriff for the purpose of having him accept service for the defendants and it was in his custody for several weeks. When the sheriff learned on inquiry that he had not accepted service, he took the writ and copy of statement of claim and served it on the defendant. The deposition of counsel does not place the defendants' case in a more favorable attitude. The attorney had some conversation with the plaintiffs' attorney in regard to compromising the claim, but there is no suggestion of any misleading or deception practiced by the plaintiff's attorney with reference to the filing of a defense. It does not appear that the defendant notified his attorney that the summons and statement of claim had been served on him. The learned judge of the court below was of the opinion that the facts disclosed by the evidence did not afford a reasonable excuse for the failure to file an affidavit of defense, and that conclusion we approve. The provisions of the statute are designed to promote the prompt and convenient administration of justice, and the plaintiffs were in the exercise of a statutory right in taking judgment when the defendants failed to observe the mandate of the law which required them to present their defense, if they wished to be heard, within fifteen days after service of the writ and statement of claim. In the tenth paragraph of the petition to open the plaintiff alleges that the statement of claim has not endorsed thereon the name and address of any person within the county on whom papers could have been served. There was endorsed thereon the name of the plaintiffs' counsel living at DuBois, in Clearfield County, but this it is alleged was not a compliance with the requirement of the law, by reason whereof the judgment was improvidently entered and is void. This proposition was presented at the conclusion of the petition and was apparently an afterthought, for the preceding part of the petition is devoted wholly to the defense on the merits which is sought to be set up. The objection to the

validity of the judgment is inconsistent with the application to open, which was the proceeding before the court. Such an application admits the regularity of the judgment, but seeks the opportunity to present a defense on the merits. The proper practice to avoid a judgment illegally entered is by an application to strike off. The proceedings are of a different nature and are based on different theories as to the relief sought. The petition to open raised an issue as to the merits of the defense. Depositions were taken in support of the rule and in opposition thereto. When the appellant appealed to the court for a hearing on the merits, he waived the formal defects in the form of service and must be held to have submitted himself to the jurisdiction of the court: Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33, 197 Pa. 230; Phila. v. Adams, 15 Pa. Superior Ct. 483.

One of the plaintiff firm died before the action was brought and the court refused to consider the depositions of the defendants in regard to the purchase of materials from the plaintiffs. No reference was made in the opinion to the Act of 1891, but it does not appear that the defendants were competent under that act to testify to the matters proposed to be proved. Moreover if the depositions had been taken into consideration in connection with the other evidence in the case, the court would have been clearly warranted in declining to open the judgment on the merits. The strong preponderance of evidence tends to show that the contract was undertaken by the defendants jointly; that the work was so completed and that they were jointly paid therefor as partners in the transaction. In any view of the case, therefore, the action of the court in declining to open the judgment may well be sustained. The appeal is dismissed at the cost of the appellants and the decree of the court affirmed.