## C. B. Goorin Company v. De Robbio.

Gilfillan & Patterson, for plaintiff; Clyde Gibson, for defendant.

CHAMBERS, J., June 30, 1928.—This is a certiorari directed to J. R. Brodbeck, Justice of the Peace of Taylor Township. The præcipe, affidavit and bond were filed March 10, 1928. The writ of certiorari was issued the same day, returnable to the first Monday of April, 1928. The writ of the justice was filed March 27, 1928. On April 23, 1928, Gilfillan & Patterson, attorneys, enter their appearance for plaintiff. On May 3, 1928, the assignments of error were filed by the defendant. The case was set down for argument and came before the court for hearing on the merits.

The record of the justice is clearly defective. While it shows a proper service of summons upon the defendant, it does not show service of any statement of claim. The record shows a probated account which might stand for a statement of claim spread upon the transcript, but the record shows no

service of this upon defendant nor any attempt to enter judgment for want of an affidavit of defense. The defendant does not appear at the time fixed for hearing, nor does the record show that the plaintiff or any witnesses were present, or that any such were sworn, or that any testimony was taken. It is apparent, therefore, that any judgment that was entered was entered on the probated account. Such a judgment should be reversed.

"Where the justice's record shows that the only evidence offered before him was the probated account of plaintiff's book account and that the parties were not present except by counsel, judgment should be reversed:" Munroe v. Klepser, 5 Dist. R. 60; Hertog v. Hassenfratz, 16 Montg. Co. Law Repr. 195; Aldrich v. Ruof, 13 Lanc. Law Rev. 78; Bureau of Literature v. Meisenzhelder, 15 York Leg. Record, 152.

At the time of the argument upon the merits, attorneys for plaintiff called the attention of the court to the following rule of court:

Rule 7, § 3: "The plaintiff in error shall, within ten days after the return-day, if the return has been made, if not, then ten days after notice of the return, assign specifically the errors upon which he relies, and in default thereof, the judgment below shall be affirmed of course by the prothonotary."

It was then argued that the assignments of error had not been filed in time and should not be considered by the court and that the judgment should be affirmed.

This question has given the court some difficulty. Under this rule of court, had plaintiff proceeded at the time appearance was entered to have asked for judgment, it would have been entitled to receive it. No such demand was made, however, and no judgment was entered. The record is allowed to remain open and later the specifications of error are filed. The case comes on for hearing on the merits and then this rule of court is invoked. Should it now be enforced?

In Dodgson v. Greiner, 11 W. N. C. 498, a writ of attachment had been issued returnable to the first Monday of May. On May 12th, at 9.40 A. M., an appearance was entered. At 11.40 on the same day, before the appearance had been noted on the docket, a rule was entered for judgment in default of appearance. It was there held: "The appearance was entered some two hours before the rule for judgment was entered and, therefore, this judgment is a nullity."

In Work v. Adams, 72 Pa. Superior Ct. 262, the court, on page 265, says: "When the appellant appealed to the court for a hearing on the merits, he waived the formal defects in the form of service and must be held to have submitted himself to the jurisdiction of the court: Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33, 197 Pa. 230; Philadelphia v. Adams, 15 Pa. Superior Ct. 483."

Considering the principles involved in the foregoing cases, we feel that plaintiff is too late in invoking this rule of court. Had a præcipe been filed asking the prothonotary to affirm the judgment and had the judgment been affirmed, defendant could not now be heard except upon strong cause shown; however, no judgment having been asked for and none entered until after the specifications had been filed and the case was on for hearing on the merits, we feel that plaintiff has waived his right and that it is now the duty of the court to dispose of the matter upon the merits. The judgment, in the opinion of the court, being defective, we, therefore, make the following order:

And now, June 30, 1928, the judgment of the justice is reversed and judgment for the defendant on this writ.

From William McElwee, Jr., New Castle, Pa.