# Freeport Borough, Appellant, v. Robert Miller Estate.

*Road law—Municipal lien—Paving—Misnomer of county—Character of work—Completion of work—Confirmation of assessments.*

A municipal lien filed by a borough against a decedent's estate for paving a street misnamed the county in which the borough was situated. The lien was for a lump sum, and did not set forth the kind and character of the work done, otherwise than that it was " grading, paving and curbing; " nor did it set forth the name of the owner at the time the lien was filed, otherwise than as " the Robert Miller Estate." On exceptions the lien was stricken off. *Held,* by an equally divided court, that the order striking off the lien should be sustained.

Argued May 13, 1907. Appeal, No. 53, April T., 1907, by plaintiff, from order of C. P. Armstrong Co., March T., 1905, M. L. D., No. 3, striking off lien in case of Freeport Borough

v. Robert Miller Estate.   Before RICE, P. J., HENDERSON, ORLADY and BEAVER, JJ.   Affirmed.

Motion to strike off lien.

The lien was as follows :

The borough of Freeport, a municipal corporation, created by and existing under the laws of the commonwealth of Pennsylvania, files this, its claim and lien against the Robert Miller estate, owner or reputed owner, for the sum of $128.25, with interest thereon from August 18, 1904, and against all that certain lot or piece of ground situate in the borough of Freeport, county of Allegheny, and state of Pennsylvania, bounded and described as follows :

Beginning at a point on the northerly side of Market street distant eighty-eight and five-sixths feet eastwardly from the northeast corner of Market and Fourth streets in said borough; thence, eastwardly along the northerly side of Market street forty-five feet to a point ; thence, northwardly at right angles to said Market street 159 feet, more or less, to an alley ; thence westwardly along the southerly side of said alley forty-five feet to a point ; thence, southwardly 159 feet, more or less, to a point, the place of beginning.   Having erected thereon two two-story frame dwelling houses with outbuildings.

The said sum of $105.45, with interest thereon from the date aforesaid, is claimed to be due for the grading, paving and curbing of Market street in front of the said lot or piece of ground, which said grading, paving and curbing was duly authorized and directed to be made and done by the burgess and town council of the borough of Freeport, by ordinance approved September 7, 1903, and recorded in ordinance book, page 225.

That the said assessment for the improvement aforesaid was finally confirmed by the said burgess and town council of the borough of Freeport, by ordinance approved on ———————— 1904.

That the last work was done upon the said improvement upon August 18, 1904.

That the said borough of Freeport files this, its claim or lien, under and by virtue of the provisions of the following acts of assembly, to wit: the Act relating to the paving and curbing of streets in boroughs approved April 23, 1889, P. L. 44 ; and

the Act relative to liens for municipal improvements approved June 4, 1901, P. L. 364, and by virtue of the said ordinance of the borough of Freeport approved as aforesaid.

The following exceptions to the lien were filed:

And now, to wit: March 5, 1906, Martha A. Shirley, administratrix, c. t. a., of the estate of Robert Miller, late of Freeport borough, deceased, appears especially for the purpose of making and presenting to the court the following motion, and by her attorneys, McCain and Christy, moves the court to strike off the municipal claim, filed at the above number for the following reasons:

1. The plaintiff seeks to file its municipal claim against the estate of Robert Miller, owner or reputed owner, and against all that certain lot or piece of ground in the borough of Freeport, county of Allegheny and state of Pennsylvania, bounded and described as follows: (here follows a description of the lot.) The first paragraph in said claim as filed by plaintiff, is irregular and void in setting forth the property in Allegheny county, and in seeking a lien against the estate of Robert Miller, without setting forth the owner of said lot described in said claim.

2. The said claim is void because it does not set forth the name of the owner of the property against which said claim is filed, as required by the second subdivision of section 11 of the Act of 1901, P. L. 364. The will of Robert Miller, deceased, on record in the register's office of said county of Armstrong, shows who was and is the owner of said described property, now and at the time of the making of the improvement and the filing of said claim.

3. The said claim is irregular and void, for the reason that it does not set forth the kind and character of the work done for which the claim is filed, and the requisite notices, as required by the seventh subdivision of the eleventh section of the said Act of 1901, P. L. 364.

4. The said claim does not set forth the date on which the work was completed in front of the property against which a lien is claimed; nor the date of the completion of the improvement, nor the date of confirmation thereof.

5. The claim is too vague and indefinite to attach as a lien upon the property described, and the court is without jurisdic-

398 FREEPORT BORO., Appellant, *v.* MILLER ESTATE.

Statement of Facts—Opinion of Court below. [34 Pa. Superior Ct.

tion to adjudicate the rights of the parties on the sci. fa. issued.

PATTON, P. J., filed the following opinion :

The first exception is that the claim for the lien filed described the property as situate in the borough of Freeport and county of Allegheny. If this was the only objection to the lien we might treat it as a slip of the stenographer, and allow it to be amended by taking judicial notice that the borough of Freeport is in the county of Armstrong. However, we are not sure of this position. It has been held in road views that a mistake of the viewers in misstating the township in which the road is located, is fatal. However, as we are compelled to sustain other exceptions, we will sustain this one.

The second exception is that the claim is filed against " Robert Miller Estate." The Act of June 4, 1901, P. L. 364, sec. 7, provides that the word " owner" as used in the act means " the person or persons in open, peaceable and notorious possession of the property as apparent owners thereof, if any, and if not, then the reputed owner or owners thereof, in the neighborhood of such property."

The act points out clearly against whom the lien should be filed. An inquiry at the house would determine if any person in possession was claiming to own the property, or if not the lease would determine from whom the party in possession was claiming under. If no person was in possession, then sec. 18 of the act points out the method to find out the real owner of the property. As a usual thing there is no difficulty in finding out the heirs or devisees of a person dying seized of real estate in a municipality. We know of no act of assembly, and none has been called to our attention, authorizing the filing of a lien against the estate of a decedent, without naming the owner, or reputed owner, at the time the lien is filed. The exception is sustained.

The third exception that the claim does not set forth the kind and character of the work must also be sustained. The eleventh section of the act of 1901 declared that the claim shall set forth " the kind and character of the work done." The claim filed sets forth that the amount due is " for the grading, paving and curbing of Market street in front of the

said lot or piece of ground." In City of Philadelphia v. Sutter, 30 Pa. 53, it is said that " municipal claims require substantially the same precision as those of mechanics and material men." The lien in that case was stricken off because from the face of the claim it could not be discovered whether it was for paving the roadway or the footway. The same can be said of the claim before us. In the case of Meadville City v. Mahoney, 28 Pa. C. C. Rep. 474, which was a lien filed under the act of 1901, the lien was stricken off because the plaintiff's claim was not fully set forth. We think the claim should at least set forth the number of feet of grading, paving and curbing and the price of each, if separately assessed, and the nature and character of the materials used, the date the work was completed, when notice was given of the assessment, and from what day interest is claimed, and whether or not the attorney's commission is included. The claim filed in this case is for a lump amount, and it would be impossible for a defendant to know whether it was right or wrong without going outside of the record for his information. In the case of the City of Erie v. Willis, 26 Pa. Superior Ct. 459, is a statement of what shall be contained in the claim for a lien. We are also of the opinion that the fourth exception is well taken.. The claim sets forth that the improvement was confirmed by the burgess and town council on the         day of         , 1904, and that the last work was done upon the improvement on August 18, 1904. But these are not what the eleventh section of the act requires, as a reading thereof will readily show. The fifth exception is also sustained.

In conclusion we may say that the whole proceeding is one of statutory creation, and the creditor who seeks to avail himself of it must bring his case within the letter of the law. We think it is now too late to amend the claim: McFarland v. Schultz, 168 Pa. 634 ; Meadville City v. Mahoney, 28 Pa. C. C. Rep. 474.

The Court : And now, May 11, 1906, the lien is stricken off.

*Errors assigned* were in sustaining exceptions to the lien.

*John M. Ralston,* for appellant, cited : Pearce v. Langfit, 101 Pa. 507 ; Stroudsburg Borough v. Brown, 11 Pa. C. C. Rep.

272; Wistar v. Phila., 86 Pa. 215; Reece v. Haymaker, 164 Pa. 575; Pittsburg v. Cluley, 66 Pa. 449; Phila. v. Meighan, 15 Pa. Dist. Rep. 10; Erie City v. Willis, 26 Pa. Superior Ct. 459.

*W. J. Christy,* for appellee, cited: Erie City v. Willis, 26 Pa. Superior Ct. 459; Philadelphia v. Richards, 124 Pa. 303; Philadelphia v. Sutter, 30 Pa. 53; Meadville City v. Mahoney, 28 Pa. C. C. Rep. 474.

PER CURIAM, October 7, 1907:

The judges of this court who heard the argument of this case being equally divided in opinion the order is affirmed.