## City of New Castle, Appellant, *v.* Berger's Heirs.

*Municipal liens—Name of owner—Sufficiency.*

A municipal lien may be filed against the heirs of a decedent without giving their specific names.   A lien filed against "George B. Berger's heirs, owners or reputed owners," is valid.

*Municipal liens—Amendment—Act of June 4, 1901, P. L. 364, section 35.*

Under the authority of section 35 of the Act of June 4, 1901, P. L. 364, an amendment to a municipal lien may be made by adding the word "opening" when the lien was filed following an assessment for the opening and grading of a street.   The lien being regular on its face, the omission of the word "opening" did not afford a valid reason for striking off the lien, as the omission was a mistake in the description of the subject of the assessment and plainly comes within the provision of section 35 of the Act of June 4, 1901, P. L. 64.   It was not the introduction of a new cause of action.

Where omissions are made in a municipal lien, even though they be of what might be regarded as material facts, they may be supplied or amended unless new rights intervene, or an entirely different property is charged.

*Stare decisis—Effect of judgment or decree affirmed by divided court.*

A judgment or a decree of a lower court, affirmed in the Superior Court by a divided court, is not a decree or judgment of the Superior Court, in support of which the rule of stare decisis can be successfully invoked.

Argued April 20, 1920.   Appeal, No. 64, April T., 1920, by City of New Castle, from order and decree of C. P. Lawrence County, Sept. T., 1912, No. 42, striking off a municipal lien in the case of City of New Castle v.

Geo. B. Berger's Heirs. Before. PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Scire facias sur municipal lien. Before EMERY, P. J. Rule to strike off municipal lien.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*James A. Gardner,* City Solicitor, for appellant.—A municipal lien, being a proceeding in rem, is valid when filed against George B. Berger's heirs: Northern Liberties v. Coates's Heirs, 15 Pa. 245; Wistar v. Phila., 86 Pa. 215; Beltzhoover Borough v. Beltzhoover's Heirs, 173 Pa. 213; Reese v. Haymaker, 164 Pa. 575; Phila. v. Peters, 57 Pa. Superior Ct. 275, 279.

A municipal lien can be amended in material matters where there are no intervening rights, and the property continues to be owned by the same person: Allentown v. Hoover, 93 Pa. 232; McKeesport v. Busch, 166 Pa. 46; Phila. v. Church, 16 Pa. Superior Ct. 65; Mt. Pleasant v. B. & O. R. R. Co., 138 Pa. 365; Phila. v. Kelly, 24 Dist. R. 143.

*Martin & Martin,* for appellees.

OPINION BY TREXLER, J., July 14, 1920:

The first objection to the municipal lien in question which the lower court struck from the record, is, that the name of the owner is not correctly given. It is filed against "George B. Berger's Heirs."

In Beltzhoover Borough v. Beltzhoover Heirs, 173 Pa. 213, a municipal lien filed against the "Heirs of Jacob Beltzhoover" was sustained. The authorities cited were Wistar v. Phila., 86 Pa. 215; Northern Liberties v. Coates's Heirs, 15 Pa. 245. Freeport Borough v. Robert

Miller Estate, 34 Pa. Superior Ct. 395, cited by the lower court is not an authority to the contrary. Being an affirmance by a divided court, it furnishes no precedent: Com. v. Reid, 265 Pa. 328.

The next objection is that the claim described the assessment as having been made for "the grading" of Carlisle street, when in fact it was for "the opening and grading." The City of New Castle has the undoubted right to levy an assessment for the grading of a street. The lien being regular on its face, we do not see how the omission of the word "opening" can afford a valid reason for the striking off of the lien. However the real controversy before us is the refusal of the court to allow the lien to be amended so as to make it include the word "opening" in addition to "grading." The cases cited by appellee in regard to mechanics' liens do not aid us in the solution of the question. Whether the lien can be amended in this respect depends upon the scope of section 35 of the Act of June 4, 1901, P. L. 364, which provides: "Any claim, petition, answer, replication, scire facias, affidavit of defense, or other paper filed of record, may be amended from time to time, by agreement of the parties, or by leave of the court upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired. Such amendments shall be of right, saving intervening rights, except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim; but the description of the property may be amended so as to be made more accurate, as in other cases of amendment." All the details of the apportionment of the cost of the improvement having been gone over by the viewers, and the defendants having had notice thereof, the same became final: Carrick v. Canevin, 243

Pa. 283. The lien before us contains an allegation that the assessment became final on a certain date. The amount due was thus fixed. There was but one assessment which was for "opening and grading." The omission of the word "opening" was a mistake in the description of the subject of the assessment which we think plainly comes under the provision of the above quoted section. It was not the introduction of a new cause of action. When the cause is reached for trial, the defense is in no way changed by the insertion of the word "opening." The particular items entering into the assessment cannot be questioned in these proceedings. Apart from this, the section contemplates that there shall be an end to mere technical objections to municipal liens. Where omissions are made, even though they be of what might be regarded as material facts, they may be supplied unless new rights intervene, or an entirely different property is charged. There is no reason why we should seek to limit the plainly expressed legislative intent that amendments shall be allowed barring the excepted instances.

The assignments of error are sustained. The decree is reversed. The record is remanded with directions that the lien be reinstated. Appellee for costs.