## Borough of North Catasauqua, Appellant, v. Thomas.

Argued December 11, 1928.

Before TREXLER, KELLER, LINN, GAW-THROP and CUNNINGHAM, JJ.

*William H. Schneller*, of *Dillinger & Schneller*, for appellant.

No book or appearance for appellee.

OPINION BY LINN, J., March 1, 1929:

The borough appeals from the refusal of its motion for judgment n. o. v. The suit was a municipal claim filed April 24, 1924, under the Act of June 4, 1901, P. L. 364, and amendments, for the cost of re-setting a curb in front of property abutting on Arch Street.

The property was not owned by defendant when the work was done, but was owned by him when the lien was filed. No brief was filed or argument made in this court for defendant.

The learned court below held that there was a dispute of fact for the jury "whether the defendant had received the notice that he was entitled to under the 8th section of the act [supra] ...... and under the provisions of the ordinance of plaintiff borough ......."

The municipal claim was "prima facie evidence of the facts averred therein": Act of May 28, 1915, section 6, P. L. 605, amending section 20 of the Act of 1901. Section 8, referred to by the court, provides: "No claim shall be filed for ...... recurbing ......... the foot way of any highway, unless the owner shall have neglected to do said work for such length of time as may be prescribed by ordinance, after notice so to do, served upon him or his agent or the person in possession of the property, except when, in the case of ......... recurbing ...... it shall form part of an improvement resulting also in paving, macadamizing or otherwise improving the cartway of said highway ......" (1901 P. L. 366). The ordinance provided "...... And if such owner ...... refuse or neglect to ...... recurb ...... within 30 days after a notice from the street committee or burgess of said borough, it shall be the duty of such committee to cause such ...... footway to be ...... recurbed in such manner hereinafter specified ........"

In the municipal claim, the borough averred, inter alia, that the lien was filed pursuant to the Act of 1901 and the ordinance received in evidence; that "all notices required by law or ordinance were given to the above named owner by the borough ......... and due notice was given to the said property owner in writing at least 60 days in advance and before the commencement of said improvement, that he was required

to reset and reconstruct the curb ...... and that he would be required to do same within 30 days after the date of said notice, otherwise the work would be done by the borough ...... in accordance with ordinance number 16 ......"

Those averments are not denied in the affidavit of defense. On the contrary, the defense averred was that the recurbing was part of "a comprehensive plan for the advantage of the general public and of no special benefit to the property of the defendant against which the lien was filed." He also averred that recurbing was unnecessary; that the work was not done pursuant to the ordinance; that the ordinance was unconstitutional; and that the existing curb "constructed by the defendant's predecessor in title" was sufficient. The court properly held that those defenses were not made out.

The recurbing in front of the property liened, was done in June or beginning of July, 1923; defendant was not then the owner of or interested in the property. He took title and possession August 1, 1923. He testified: Q. "At the time this curbing was made, you were not the owner, were you?" A. "I was not the owner of it" ...... Q. "When you bought, this new curb was then constructed or in process of construction?" A. "It was done." Q. "And you bought the property afterwards?" A. "Yes, sir." Q. "So you had nothing to say about it?" A. "No, sir." Q. "No notice was served on you and you had nothing to say about it?" A. "No, I had not a word to say." He also said he went into possession August 1 and had not been in possession before. As the proceeding is in rem, and as he did not become owner until after the work was completed and had no relation to the title before August, it is immaterial, as against the borough, whether he knew, before the recurbing, that it was to be done.

The statute and the ordinance required notice to the owner at the time specified before the work was done; the purpose of such notice was to permit the then owner to do it. The proof is that such notice was given and there is no denial of it; the statement quoted from defendant's evidence that he "had not a word" to say is immaterial; the material fact is notice to the owner at the time—i. e. to defendant's predecessor in title. The averment in the claim that notice was given to the defendant as owner (at a time when his evidence shows that he was not owner) was subject to amendment by averment that the owner (defendant's predecessor in title) received the notice referred to in the averment before the work was done: Section 35 of the Act of 1901, P. L. 364, 377; New Castle v. Berger's Heirs, 74 Pa. Superior Ct. 548, 551; and as the proof was that all the owners of property abutting on Arch Street received notice under the statute and the ordinance prior to the recurbing, we shall now consider the record so amended to accord with the evidence; Wall v. The Royal Society, 179 Pa. 355, 358; Theisan v. Railways Company, 256 Pa. 475, 481; Pittsburgh, etc. v. Adams, 79 Pa. Superior Ct. 511, 516.

The only dispute in the evidence was whether the borough solicitor had discussed with the defendant whether he "ought to be assessed" but that is immaterial to the issue, for if the discussion was had before defendant became owner, he was not entitled to notice, and if it was after he became owner, lack of notice to him could not relieve the property from liability, the owner at the time having had notice, and the right to lien having attached; at least the record shows nothing to the contrary. This case is not within section 9 of the Act (1901, P. L. 367) requiring notice to the owner one month before filing by a use-plaintiff.

As the case went off solely on whether defendant had notice under section 8 of the act and under the ordi-

nance prior to the recurbing, where so far as appears he had then no relation to the premises, the record contains nothing to support the judgment; plaintiff's motion should have been granted.

Judgment reversed and record remitted to the end that plaintiff's motion may be reinstated and be made absolute.