Spramelli (Spinelli) *v.* Boro. of Punxsutawney, Appellant.

Argued April 14, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*W. W. Winslow,* Borough Solicitor, for appellant.

*Edward Friedman,* and with him *Charles J. Margiotti, W. M. Gillespie* and *S. C. Pugliese,* for appellee.

Opinion by Trexler, P. J., July 8, 1931:

The Borough of Punxsutawney filed a lien for sewer construction. The property was described therein by meets and bounds, and abuttors and dimensions, Antonio Spinelli being named in the title as owner. In the body of the lien appeared "Antonia Carille Spraweli—Deed Book Vol. 162, page 95."

The entry on the lien docket was Antonio Spinelli. A scire facias was issued against Antonio Spinelli (Spivelli). An affidavit of defense was filed by Antonio

Spinelli (Spivelli), signed by his mark in which he disclaimed ownership in the property described in scire facias, stating that the real owner was Antonia Carille Spramelli (Spinelli) and referring to the deed by which she obtained title. This affidavit by Antonia Carille Spramelli (Spinelli) was accompanied by a petition to strike off the municipal lien alleging ownership in herself and referring to her deed and the record thereof, stating further that Antonio Spinelli was not the owner of the property and asking that the lien be stricken off.

The borough answered the petition, confessing the error, but alleging that while the lien was filed against Antonio, the name of Antonia was set out in the body of the lien with the reference to the proper volume and page on record, calling attention to the similarity of sound in the names, the identical initials and key letters, and that the two persons being husband and wife, that the property was assessed under the name of Antonio Spinelli and taxes were paid by him, that no one has been harmed by the mistake and praying that the lien might be amended so as to put in the name of Antonio Spinelli as party defendant, and that she as party defendant be apprised by proper writ and brought in as a party.

The court struck off the lien for the reason that the claim did not name the real owner. We quote from the opinion of the lower court:

"It is not to be denied that this petition avers a misnomer and that courts do not favor putting a claimant out of court because of a mistake in the name of the opposite party, especially where the mistake is one that can easily be made by inadvertence. We would be glad to recognize and follow this tendency of the courts and the trend of judicial opinion but for the fact that Section 10 of the Act of May 16, 1923, P. L. 207, under which this lien was filed, re-

quires that the lien must set forth the name of the owner, and Section 1 defines 'owner' as 'the person or persons in whose name the property is registered, if registered according to law.' The deed to Antonia Carille Spramelli for the premises described was on record at the time this claim was filed and at the time the scire facias was issued, and we must hold that there is therefore no excuse on the part of the claimant for failure to conform to the statute and set forth the name of the real owner. See: Gans v. Phila., 102 Pa. 97-100; Phila. v. Nell, 25 Pa. Superior Ct. 347.''

We think the court erred in that it confused the word ''registered'' owner with that of owner of record. The cases above cited apply to the City of Philadelphia where there are several acts of assembly which required deeds to be registered in the city office before they are recorded in the recorder's office: Act of 2 May, 1899, P. L. 162, section 1; Act of 29 March, 1867, P. L. 600; Act of 14 March, 1865, P. L. 320. By the Act of 17 July, 1919, P. L. 101, boroughs and incorporated towns are authorized to establish a system for the registration of deeds and titles to real estate, showing the ownership of every lot or piece of real estate within the limits of the borough or town.

The Act of 1923, cited by the court evidently refers to such municipalities as established a registry under the provisions of the above Act of 1919, or had one imposed by an act of assembly. There are two systems existing by which the ownership of property is shown: the one, by recording in the office of the recorder of deeds, the design of which is to give notice of title; the other, by which the title is registered for the purposes of taxation; whatever similarity there may be drawn by lexicographers between ''registry'' and ''recording,'' the legislation of this state clearly distinguishes these terms and has applied a different and distinct meaning to each. Punxsutawney has no

such registry. The position, therefore, of the claimant borough is that of one who has filed a municipal lien and made a mistake in naming the owner. There are no intervening rights arising in the case and the Act of 16 May, 1923, P. L. 207, under which the claim was filed, in section 34, provides that any claim may be amended by leave of court upon a petition under oath setting forth the amendment desired, averring the truth of the facts set forth and that by mistake they were omitted from or wrongfully stated. "Such amendments · shall be of right, saving intervening rights, except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim, but the description of the property may be amended so as to be made more accurate, as in other cases of amendment."

A similar provision was contained in the Act of June 4, 1901, P. L. 364, section 35. We held in City of New Castle v. Berger's Heirs, 74 Pa. Superior Ct. 548, that this section contemplated that there should be an end to mere technical objections to municipal liens. Where omissions are made (and the same applies to mistakes) even though they be of what might be regarded as material facts, they may be supplied or amended unless new rights intervene, or an entirely different property is charged. "There is no reason why we should seek to limit the plainly expressed legislative intent that amendments shall be allowed barring the excepted instances": Borough of N. Catasauqua v. Thomas, 95 Pa. Superior Ct. 546; City of Allentown v. Ott, 85 Pa. Superior Ct. 210; Township of Mt. Lebanon v. Robinson, 83 Pa. Superior Ct. 539; Borough of Dunmore v. Conrad, 76 Pa. Superior Ct. 473.

We may add that even without the provision as to

amendments, it appears that a lien is sufficient even if the name of an unregistered owner does not appear in the lien when the assessment and the claim clearly and absolutely identify the property. The proceedings are in rem: Philadelphia v. Peyton, 25 Pa. Superior Ct. 350; Philadelphia v. Peters, 57 Pa. Superior Ct. 275. Of course, we are not holding that where there has been a registration of deeds in a city or borough that the municipality is not required to file the lien against the registered owner, but as we construe the word "registered" that is a matter not involved in the present discussion.

We are all of the opinion that the amendment should have been allowed. The order, striking off the lien is reversed, the lien is reinstated and the court is directed to allow the amendment prayed for.