Philadelphia, to use, Appellant, *v.* Black et al.

Argued October 16, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*William Ginsburg,* for appellant.

*Frank H. Warner,* with him *Arthur F. Schneider,* for appellee.

OPINION BY BALDRIGE, J., January 31, 1936:

The use-plaintiff filed a municipal claim against Morris Black, Abraham Black, and Meyer Black, registered owners of a property in the city of Philadelphia, upon which a sci. fa. was issued. An affidavit of defense was filed denying liability on the ground that notice to lay a concrete driveway, footway, and to set a water box was not served upon the registered owners of the property. At the trial, the plaintiff offered in evidence the municipal claim, which set forth that the owners were notified to have the work done by written notice left with them. The plaintiff did not rely on this evidence to make out a prima facie case (Phila. v. Subin & Subin, 86 Pa. Superior Ct. 126, 128), but offered a copy of a notice, dated April 27, 1929, which was alleged to have been served by the Bureau of Highways of the city of Philadelphia. It was addressed to "Party responsible ...... Phila. Scoop & Scale Mfg. Co.," and required, within thirty days, the laying of an abutting footway and driveway, and the furnishing and installing of water and vent boxes in front of premises 1822-24 Cadwallader Street, Philadelphia. Upon the property owner's failure to comply with this notice, the work was done by the Elkins Paving & Construction Company under a contract with the city of Philadelphia. The property in question was registered in the names of Morris Black, Abraham Black, and Meyer Black. The deed, which was recorded, conveyed it to those individuals, trading as the Philadelphia Scoop and Scale Mfg. Company.

The court sustained an objection to the offer of the notice, on the theory that it was inherently and fatally defective as it was not in compliance with the requirements of section 7 of the Act of May 16, 1923, P. L.

207 (53 PS §2027), which provides: "No claim shall be filed for curbing, recurbing, paving, repaving, or repairing the footways of any highway, unless the owner shall have neglected to do said work for such length of time as may be described by ordinance, after notice so to do, served upon him or his known agent or occupant of the property." Thereupon the plaintiff moved to amend the name of the defendants to "Morris Black, Abraham Black, and Meyer Black, Registered Owners, trading as the Phila. Scoop & Scale Mfg. Co.," which motion was denied. A compulsory nonsuit was granted, which the court subsequently refused to remove. This amendment was unnecessary; but it may be noted in passing that this court, speaking through Judge TREXLER, said in Spramelli v. Bor. Punxsutawney, 102 Pa. Superior Ct. 557, 561, 157 A. 522, that where omissions or mistakes are made, even though they may be of material facts, they may be supplied or amended unless new rights intervene, or an entirely different property is charged. True, the plaintiff did not attempt to follow strictly the provision of the Act of June 4, 1901, P. L. 364, relating to the amendment of any claim petition; but the courts are not prone to sustain mere technical objections to municipal liens: New Castle v. Berger's Heirs, 74 Pa. Superior Ct. 548.

Under Section 1 of the Act of May 16, 1923, P. L. 207, which was amended April 30, 1929, P. L. 902 (53 PS §2021), the "owner" is a person or persons in whose name the property is registered. The paramount purpose of this legislation, however, is that the actual owner may have knowledge of the city's demands, and be given an opportunity to comply with the object of the notice. This very thing was accomplished in this case. The notice gave full information as to what was required to be done and was served at the premises on Morris Black, an occupant thereof. He was the right party to be served as he was one of the real owners.

This notice was just as effective as if the other two partners had been present when it was served. Under Section 12 of the Act of March 26, 1915, P. L. 18 (59 PS §34), notice to any partner relating to partnership affairs operates as notice to the partnership. This was not such a direct violation of the provisions of the statute as to render the notice nugatory. It is too narrow an interpretation to say that a notice, sufficiently identifying the property and actually served on a registered and record owner, is invalid because it was addressed to a partnership composed of the registered owners. It is the service on the owner that is essential.

In Darlington v. Commonwealth, 41 Pa. 68, a sci. fa. was issued upon a claim for the costs and expenses of grading and paving a street. The defense was that the notice to the property owner of the proceedings to open the street was insufficient as there was publication in but one instead of two newspapers. The "city regulator" testified that he told one of the tenants in common that he had given instructions to open the street and that if he had any objections, to make them before the next court. The court said (p. 73) : "We think it would be a very illiberal and unjustifiable construction of the Act of Assembly, were we to hold that the notices thus published, coupled with the personal notice to James O'Hara, was not a sufficient compliance with the statutory requirements. The purpose of the notice is avowed in the act itself. It was to give to the lotowner an opportunity to apply for damages. The opportunity was fully given in this case; not, indeed, by publication in two newspapers published in Allegheny City, for that was impossible, but by actual notice. Why should not actual notice be at least equivalent to constructive? Acts of assembly must be reasonably construed, so as to carry out the legislative intent, and when that is so patent as it is in this case, we may not lose sight of the substance by a blind adherence to the letter."

In Northern Liberties v. Coates' Heirs, 15 Pa. 245, a lien was filed under the Act of April 16, 1840, P. L. 412, providing, inter alia, in the 10th section thereof, that commissioners shall, in filing their claims, set forth in the same the name of the owner or reputed owner of the premises against which their claims are filed. The lien was filed against "the heirs of John Coates, deceased, owner, or reputed owner, or whoever may be the owner." The court, in holding that this was sufficient notice, said (p. 247) : "The object of the different acts of assembly on the subject of these municipal charges was that the real owners might, with reasonable certainty, be notified of their existence against a particular lot or parcel of ground. The proceeding is in fact against the lot, or, as it may be said, in rem." See, also, Wistar v. City of Phila., 86 Pa. 215; Beltzhoover Bor. v. Beltzhoover Heirs, 173 Pa. 213, 33 A. 1047; Pittsburgh v. Fay, 8 Pa. Superior Ct. 269; Newcastle v. Berger's Heirs, supra.

The assessment bill, however, included a charge for 48.5 lineal feet of street curb reset, amounting to $36.38. No demand was made to have the curb reset, and that portion of the claim, therefore, cannot be sustained.

In Gans v. City of Phila., 102 Pa. 97, cited by appellees, the court held that the notice was insufficient as the claim was filed against an "unknown owner"; notice was not served on the correct owner in City of Phila. v. Dungan, 124 Pa. 52, 16 A. 524; nor do we think Scranton v. Genet, 232 Pa. 272, 81 A. 335, is in point.

After a careful consideration of this record, we are of the opinion that the court erred in entering a nonsuit for lack of service of a sufficient notice on the owners of the property.

Judgment is reversed with a procedendo.