## City of Philadelphia, to use, v. Friends Asylum for the Insane

*Lester S. Hecht,* for plaintiff.
*Saul, Ewing, Remick & Harrison,* for defendant.

MAWHINNEY, J., November 13, 1942.—We are considering a rule for judgment for want of a sufficient affidavit of defense.

The City of Philadelphia filed a lien against the property owned by defendant, which lien was marked to the use of Lewis Bokser, to the use of City National Bank of Philadelphia. Plaintiff herein issued a writ of sci. fa. on this claim on July 8, 1942, to which defendant filed an affidavit of defense. The present rule for judgment has been filed by the use-plaintiff.

The lien covers the cost of constructing a sidewalk in front of defendant's property within the lines of the Roosevelt Boulevard, which is a street 300 feet wide including the footways on both sides. The land within this area is owned by the City of Philadelphia. The use-plaintiff, Bokser, did the work and the assessment bill was issued to him as contractor, and he assigned it to the City National Bank of Philadelphia.

The work was done under authority of an ordinance of councils, which was approved August 15, 1916, amended June 8, 1922, and again amended August 11, 1937, Ordinances and City Solicitor's Opinions (1937), p. 404. On May 20, 1942, upon completion of the improvement, a certificate thereof was filed by the surveyor, as required by law. The work was done at the direction of city because defendant, who had been notified to construct the footway and curb on January 28, 1942, had failed to do so.

The defendant set up in its affidavit of defense two matters:

1. That the Fairmount Park Commission is obliged to make all improvements on the Roosevelt Boulevard, and to pay therefor with funds provided by the City of Philadelphia;

2. That the notice served upon defendant was illegal as not being a proper compliance with the requirements of the ordinance of councils dated August 15, 1916, amended June 8, 1922, and again amended August 11, 1937.

We see no merit in either of these contentions. As to the first question, it is clear that the Roosevelt Boulevard as a street is in the same category as all other streets, public highways, and thorofares in the City of Philadelphia where abutting properties are privately owned, and there is no question as to the right of the city to require abutting owners to pay for proper maintenance of sidewalks and curbs.

The Fairmount Park Commission was created by the Act of March 26, 1867, P. L. 547, with powers and jurisdiction which were further defined in the Acts of April 14, 1868, P. L. 1083, April 21, 1869, P. L. 1194, and March 16, 1870, P. L. 451. None of these acts authorizes the Fairmount Park Commission to expend public funds to repair footways or reconstruct curbs on any thorofare where real estate which is privately owned abuts. The city had the right to bring the parkway under the care and management of Fairmount Park (see Philadelphia v. Spangler et al., 9 D. & C. 577). This the city did by ordinance approved January 5, 1922, and it was said in the Spangler case the words "care and management" merely bestow upon the park commissioners "the right of ministerial management, of policing and supervision. . . ."

Nor may defendant draw comfort from the Act of May 7, 1937, P. L. 589, as amended by the Act of July 10, 1941, P. L. 345, whereby certain streets in the City

of Philadelphia, including the Roosevelt Boulevard, were taken over by the Commonwealth. It is true that under the provisions of such acts they are to be maintained by the Department of Highways at the expense of the Commonwealth, but there is a proviso that there may not be placed upon the Commonwealth any obligation to repair and maintain the curbing and footways. Therefore, we conclude that the duty of maintaining and repairing curbs and footways remains with the owners of the abutting property.

The notice served upon defendant, and of which it complains, was a proper compliance with the ordinance of councils dated August 15, 1916, amended June 8, 1922, and again amended August 11, 1937, supra. In this case 30 days' notice was given, there being a typewritten signature on the notice "Approved by William J. O'Brien, Dist. Engr. for Chief, Bureau of Highways and Street Cleaning." Defendant complains that this was not a notice properly given by the director of public works as required by the ordinance of city council. The Bureau of Highways and Street Cleaning is a subordinate bureau of the Department of Public Works, and the notice given by the district engineer acting for the chief of the said bureau was, in effect, a notice given by the director of public works. This was a delegation of a ministerial and administrative duty by the director, and not the delegation of a duty involving the exercise of discretion or the policy of his department.

We think this question has been answered in the case of the City of Philadelphia, to use, v. Black et al., 120 Pa. Superior Ct. 550, at page 552, where the court said:

"The paramount purpose of this legislation, however, is that the actual owner may have knowledge of the city's demands, and be given an opportunity to comply with the object of the notice." And at page 553:

"It is too narrow an interpretation to say that a

notice, sufficiently identifying the property and actually served on a registered and record owner, is invalid because it was addressed to a partnership composed of the registered owners. *It is the service on the owner that is essential.*" (Italics supplied.)

We conclude, therefore, that the abutting owner is responsible for payment of the improvements on which the lien in this case is based, and that the notice served upon defendant was a proper notice.

Wherefore, plaintiff's rule for judgment for want of a sufficient affidavit of defense is accordingly made absolute.