## Lawrence Park Township v. Nacera

*Robert N. Spaeder*, for petitioner.

*A. Grant Walker*, for township.

LAUB, J., March 17, 1955.—This is a petition by Marie Nocera, also known as Marie Nacera, and Gloria Lowman to strike off a municipal lien entered by the Township of Lawrence Park against property known as lots 28 and 29, block 162, known as Rankine Avenue. A hearing was had before Judge Evans on June 24, 1954, and testimony was taken. By stipulation of counsel, we are to pass upon the testimony thus taken and to dispose of the rule to show cause entered to the petition to strike. This is what brings us to a consideration of the matter at this time.

Petitioners rely upon alleged defects on the face of the lien as a basis for their claim that it should be struck off. In substance, these are their contentions: (1) The lien does not name the record owner; (2) the lien fails to correctly state the work that was done by the township; (3) the lien fails to recite the time when the work was completed; (4) the lien was not filed within six months after the work was, in fact, completed. We shall consider these problems in the order set out above.

The lien was entered against "Marie Nacera, Owner, or reputed Owner, or whoever may be owner".

There is no dispute that at the time of the entry of the lien, the record owner of the property was Gloria Lowman, the daughter of Marie Nocera. However, it is likewise not in dispute that taxes for the year 1953 were paid by Mrs. Nocera who then lived on the property covered by the lien. It is further established by

the testimony that she was one of the real owners. Mrs. Nocera negotiated the purchase of the property with the prior owner, paid most of the purchase price from her own funds and, in her petition, admits being a joint owner. She also, while title remained in her daughter's name, applied for a building permit to construct a dwelling on one of the lots in question; this application she signed as owner.

Section 10 of the Municipal Lien Act of May 16, 1923, P. L. 207, as amended, 53 PS §2030, sets forth the requirements of a valid municipal lien. Paragraph 2 of said section specifically requires that the lien set forth the name of the owner of the property against which it is filed. Owner is defined in the first section of the statute as: ". . . the person or persons in whose name the property is registered, if registered according to law, and, in all other cases, means any person or persons in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, if any, or the reputed owner or owners thereof in the neighborhood of such property."

Petitioners cite this section of the act as authority for their position that the township was obliged to name the recorded owner in the lien. Their view is that the term "registered" and "recorded" are synonymous for lien purposes. In further support of their claim in this regard they cite City of Hazleton v. Forte, 69 D. & C. 290 (1949), and St. Clair Savings and Trust v. Groeschel, 137 Pa. Superior Ct. 1. There is no question but that there is language in the first of these decisions which supports petitioners' contentions. In the St. Clair case, however, the problem was not under discussion since, in that case, there had been registration in the deed registry office of Allegheny County.

There is a decided difference between a registered owner and a recorded owner insofar as municipal liens are concerned. The term "registered owner" applies

only to a registration where there has been a deed registry office established. It does not apply to recording of deeds in the office of the recorder: Spramelli v. Borough of Punxsutawney, 102 Pa. Superior Ct. 557, 560; Litmans v. O'Donnell, 173 Pa. Superior Ct. 570, 572, 573.

In the case at bar there is no dispute that Lawrence Park has not established a registry office. It is clear therefore that the township has complied with the law in naming Marie Nocera as the owner since she was in peaceful possession, was the apparent and reputed owner and was, in fact, a real owner thereof. The first objection is not, therefore, well taken.

Nor is there merit to the second contention. Paragraph 6 of the lien, recites: "The kind and character of the work done for which this claim is filed was the grading, paving and curbing of Rankine Avenue, in said Township." This is clearly within the terms of the statute which requires a description of the "kind and character" of the work done. It is true, the testimony supports the conclusion that the work was not done on Rankine Avenue. It was done in an alley behind the property which faces on Rankine Avenue. The statute does not require, in this particular section, that the lien recite "where" the work was done, but merely its kind and character. We think that the face of the record supports the lien in this respect, however this is a matter which ought, perhaps, to be amended as we will subsequently point out.

The most serious complaint of petitioners is that the lien does not recite the date when the work was completed and that the lien was not filed within six months after the work was, in fact, completed. These complaints are the third and fourth specifications set forth above and will be considered together.

Section 10 of the act specifically requires that the lien designate the "date on which the work was com-

pleted in front of the particular property against which the claim is filed". This is a mandatory requirement which the township did not meet. We apprehend that the legislature inserted this provision in order that there might be a prima facie determination whether the lien was filed within six months after the work was completed as the law requires. It would, therefore, appear that this is a matter which cannot be overlooked. There remains, however, the determination whether petitioner is entitled to have the lien struck off for this reason.

This point in our consideration of the matter brings us face to face with section 34 of the act which provides that any claim may be amended from time to time (saving intervening rights) by supplying omissions or substituting correct facts for wrongly stated ones. As stated in New Castle v. Berger's Heirs, 74 Pa. Superior Ct. 548, 551: ". . . the section contemplates that there shall be an end to mere technical objections to municipal liens. Where omissions are made, *even though they be of what might be regarded as material facts,* they may be supplied unless new rights intervene, or an entirely different property is charged." (Italics supplied.) See also Allentown v. Ott, 85 Pa. Superior Ct. 210, 221.

Here there are no intervening rights. It is true, the property has been transferred to one Hopkins, but this transfer took place on June 23, 1954, eight months after the lien was entered. Further, the testimony is that petitioners have an agreement to protect Hopkins against payment of the lien, an agreement which concentrates the rights of the parties in precisely the same position they were in October 1953, when the lien was filed and in February 1954, when the petition to strike was entered. It is clear, therefore, that there are no intervening rights as that term is intended in the amending statute.

It is the policy of the law and equity to keep litigants in court so long as there is a possibility of recovery on the merits. This policy has found expression in many of our appellate decisions and in the amending section of the statute now under discussion. We are, therefore, not disposed to put the township out of court upon a mere technicality and thus to favor one property owner over the others who have paid their share of the improvement for which this lien has been entered. We are, therefore, entering an order permitting the township to amend under penalty of having the lien struck off for failure to do so. We are also saving to petitioners their right to proceed under section 16 of the act in order to have a determination of the question whether the work was completed within six months prior to the entry of the lien. In such case the determination of the validating statute of July 17, 1953, P. L. 462, 53 PS §2037(e), would necessarily be involved. In New Kensington v. Gardner, 372 Pa. 72, Mr. Justice Musmanno pointed out that if property owners feel themselves aggrieved by the refusal of the courts to strike off a lien they have a right to call up the provisions of section 16 of the act. We construe this to mean that the proper way to determine factual matters in municipal lien cases is by recourse to this section. Thus, by construing the amendatory provisions of the act together with section 16 it can be seen that all technical matters may be erased and a determination had upon the facts. This, it seems to us, is the common sense and proper approach.

And now, March 17, 1955, the rule entered February 18, 1954, to show cause why the lien in this case should not be struck off is made absolute unless the township, within 20 days secure an amendment to the filed lien according to law. This order is without prejudice to petitioners' right to proceed in accordance with the provisions of section 16 of the Municipal Lien Act.