The Borough of Towanda to the use of Raymond L. Shaffer and Ellen A. Shaffer, his wife *v.* Nora C. Brannaka, David G. Kithcart and Elizabeth Kithcart, his wife.

Nora C. Brannaka, Appellant.

Argued June 5, 1981, before Judges Mencer, Craig and MacPhail, sitting as a panel of three.

*Fred N. Smith, Duvall, Reuter and Pruyne,* for appellant.

*Franklin R. Innes, Griffin and Dawsey,* for appellees.

OPINION BY JUDGE MACPHAIL, September 17, 1981:

In this appeal we address what we perceive to be a case of first impression involving the intricacies of the law of municipal claims in Pennsylvania.

Factually, it appears that in 1977, Nora C. Brannaka (Appellant) was the owner of a tract of real estate in the Borough of Towanda (Borough), Bradford County. A double house and other out-buildings were located on the premises. Appellant resided in one half of the dwelling. On February 16, 1977, Appellant entered into an agreement of sale with David and Elizabeth Kithcart (Kithcarts) by the terms of which she agreed to convey the real estate to Kithcarts when they paid the purchase price of $20,000 in monthly installments of $217.50 each less an initial down-payment. Soon after that agreement was executed and recorded, the dwelling was destroyed by fire. In due course, an inspection of the property was conducted by the Borough's Building Code Enforcement Officer

and the Borough Manager. These gentlemen found the property to be in a "hazardous condition" and the Borough Manager so informed the Mayor. A written notice was then sent by the Mayor to the Appellant and to Kithcarts by certified mail, return receipt requested. This notice was sent pursuant to the provisions of Section 67-4 of the Borough's ordinance which state that when it has been determined that a structure is in a dangerous condition, the Mayor shall:

cause written notice to be served . . . *upon the owner or occupier* of such structure. Such notice shall require the owner or occupier of such structure to commence the repair or removal of such structure within fifteen (15) days of such notice and to complete such repair or removal within sixty (60) days thereof. (Emphasis added.)

That ordinance was adopted pursuant to the authority set forth in Section 1202(5) of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46202(5), which provides that boroughs shall have the power:

to prohibit and remove any dangerous structure on public or private grounds, or to require the removal of any such nuisance or dangerous structure by the owner or occupier of such grounds, in default of which the borough may cause the same to be done, and collect the cost thereof, together with a penalty of ten per cent of such cost, *in the manner provided by law for the collection of municipal claims,* or by action of assumpsit, or may seek relief by bill in equity. (Emphasis added.)

When nothing was done on the property pursuant to the notice, the Borough undertook to rehabilitate it in order that it would no longer be a safety hazard. Shortly thereafter, the Borough filed a municipal lien

claim in which it set forth, inter alia, the factual background of the claim, that it had sent the required notice to Appellant *and* Kithcarts as owners, that upon the failure of the owners to remedy the situation, the Borough had removed the dangerous condition on the property at a cost of $1,479.41 and that it was filing the claim against Appellant *and* Kithcarts. Attached to the municipal lien claim is an itemized statement of the expense incurred by the Borough and a copy of the aforementioned agreement of sale.

On February 21, 1979 the Borough assigned the municipal lien claim to Raymond L. and Ellen A. Shaffer (Shaffers) who then caused a writ of scire facias to be issued. Appellant filed an affidavit of defense alleging, *inter alia,* that she received no notice from the Borough regarding the alleged defect. No affidavit of defense was filed by Kithcarts and a default judgment was taken against them by the Shaffers.

The issue was then set down for hearing before the Honorable EVAN S. WILLIAMS, President Judge of the Court of Common Pleas of Bradford County. In an order dated March 4, 1980, the trial judge found that the Borough did not have an "effective lien" because of "improper, ineffective, and legally inadequate" service on Appellant. Exceptions were filed by Shaffers in response to which the trial judge then ordered that since the Borough had properly served Kithcarts there existed a valid municipal lien as to Kithcarts' interest in the property and that the Prothonotary should enter judgment for the full amount of the municipal lien claim against Kithcarts. Exceptions to that order were denied and this appeal followed.

Initially, we note that the trial judge's attempt to impose a municipal lien on Kithcarts' "interest" was in error. Municipal claims are in rem proceedings. *Spramelli v. Borough of Punxsutawney,* 102 Pa. Superior Ct. 557, 157 A. 522 (1931). Accordingly, the lien

is either valid or invalid as to the property in question rather than as to the respective property interests involved.

Appellant claims she is the owner of the premises and since the trial court found that she had not been given notice, the municipal lien claim is invalid. Whether Appellant should prevail involves a determination of whether she is an "owner" entitled to notice. It will be remembered that the Borough ordinance required notice to the "owner or occupier" of the premises. Obviously, there was no "occupier"; therefore, notice had to be given to the owner. Shaffers argue that at the time notice was given by the Borough, Kithcarts were the owners, calling to our attention decisions in the cases of *Byrne v. Kanig,* 231 Pa. Superior Ct. 531, 332 A.2d 472 (1974) and *Spratt v. Greenfield,* 279 Pa. 437, 124 A. 126 (1924) to the effect that since the purchaser in an agreement of sales assumes the risk of loss, the purchaser is to all intents and purposes the owner of the property and the seller is merely a trustee retaining legal title to secure the payment of the purchase money. Indeed, that is the precise holding of those cases but we must note that in the *Byrne* case the court was careful to note that it was deciding only the rights between the vendors and vendees *inter se* leaving for another day the question of whether a municipality may proceed against the vendors, vendees or both to collect its claim.

The Act of May 16, 1923 (Act), P.L. 207, *as amended,* 53 P.S. §7101 *et seq.* sets forth the procedures to be utilized to collect municipal claims. Section 1 of the Act, 53 P.S. §7101, defines "owner" as:

*the person* or persons *in whose name the property is registered,* if registered according to law, and, in all other cases, means any person or persons in open, peaceable and notorious possession of the property, as apparent owner or

owners thereof, if any, or the reputed owner or owners thereof in the neighborhood of such property. (Emphasis added.)

It is well settled that "registered owner" and "owner of record" are two entirely different terms. *Spramelli v. Borough of Punxsutawney.* Since Bradford County does not fall within the class of counties required to maintain deed registries, the definition in the Act is of little help to us. Our research, however, has disclosed authority to support the proposition that where a deed registry is not required by law, then record owners are "owners" for purposes of satisfying the Act's requirements. *See Spramelli* and *Blairsville Borough v. Donatelli,* 123 Pa. Superior Ct. 51, 186 A. 247 (1936). This result is reasonable with regard to the notice requirement here, since the purpose of such notice is "that the actual owner may have knowledge of the [municipality's] demands, and be given an opportunity to comply with the object of the notice." *Philadelphia v. Black,* 120 Pa. Superior Ct. 550, 552, 182 A. 752, 754 (1936).

We hold, then, that where there is no registered owner or occupier of the premises, as in the instant case, the record owner is entitled to notice as a precondition to a valid municipal claim. This is so regardless of the existence of a binding agreement of sale. We are also of the opinion, however, that where the municipality has knowledge of such an existing agreement of sale, it is incumbent upon the municipality to give notice to both the vendors and vendees of action required on the part of "owners" before the municipality can act itself to remedy the problem. In the instant case, it is quite apparent from the municipal lien claim filed by the Borough that the Borough regarded the Appellant and the Kithcarts as owners of the subject property, entitled to notice of the hazardous condition on the property, and indeed they are.

628

Appellant is the legal or record owner and the Kithcarts are the equitable owners. Because both parties are "owners" both are entitled to notice. *See* Hecht, Pennsylvania Municipal Claims and Tax Liens, Section 6.4 (1967). The Borough, having correctly identified both parties as entitled to notice, unfortunately failed in the service of that notice upon the Appellant. The trial court so found and there is substantial evidence in the record to support that finding.

Accordingly, we must hold that the Borough's municipal lien claim is invalid and that it should be stricken.

### ORDER

AND Now, this 17th day of September, 1981 the order of the Court of Common Pleas of Bradford County dated August 4, 1980 is hereby reversed insofar as it directs that judgment be entered against David J. and Elizabeth Kithcart in the amount set forth in Municipal Lien No. 78-3. It is further ordered that the record be remanded with directions that the judgment entered against David J. and Elizabeth Kithcart and Municipal Lien No. 78-3 be stricken from the record.