## City of Lebanon v. Theis

*Samuel G. Weiss, Jr.*, for plaintiff.
*Christopher J. Coyle*, for defendants.

GATES, *P.J.*, April 12, 1983—The issue for us to resolve in this proceeding is the validity of an affidavit of defense filed by William P. Eckenroth and Dianne Eckenroth, his wife, to a Writ of Scire Facias Sur Municipal Claim of the City of Lebanon.

The pivotal facts are not seriously in dispute. The City of Lebanon, by Bill No. 30, Sessions 1978-1979, approved by the Mayor on July 25, 1978, directed the extension of a sanitary sewer line to service, among others, premises located at 2031 Oak Street, Lebanon, Pa. and providing that the costs thereof be apportioned among the properties served by assessing them on a front foot basis.

On November 16, 1979, the City of Lebanon filed a municipal claim for house sanitary sewer, house connections and branches against Randall and Deborah Theis, the owners or reputed owners of the premises known as 2031 Oak Street. The City of Lebanon claimed that the work was completed on May 30, 1979 and that the assessment for front footage, length of trench and Y-branch was in the total amount of $1,833.53.

On June 5, 1979 the Eckenroths signed an agreement to purchase 2031 Oak Street from the Theises.

Sanitary sewer assessment notices were delivered to the properties during the first week of July, 1979. Furthermore, notice of sanitary sewer assessment regarding the serviced properties was advertised in the Lebanon Daily News continu-

ously from August 1 through August 11, 1979. The assessment bills were mailed on August 14, 1979.

Prior to settlement the Eckenroths knew of the existence of the city's municipal sewer claim, although they did not know the amount. Furthermore, they knew that the Theises would make no adjustments in the purchase price and would not pay the municipal claim. Nevertheless, on August 11, 1979 the Eckenroths accepted a deed from the Theises.

On December 15, 1982, the city filed a praecipe for a writ of scire facias to obtain a judgment against the Theises and the Eckenroths (the praecipe directed that the names of William P. Eckenroth and Dianne Eckenroth be added as named defendants as owners or reputed owners of 2031 Oak Street) for failure to pay the municipal claim in the amount of $1,833.53 with interest. The sheriff served the claim on the Eckenroths on December 16, 1982 but returned the writ "not found" as to the Theises.

On December 29, 1982 the Eckenroths filed their affidavit of defense.

The Eckenroths complain that the city did not file its claim until November 16, 1979, nearly three months after they purchased the property and did not name the Eckenroths as defendants, despite the fact that they were then the record owners of the property. The Eckenroths claim that under the provisions of the Municipal Claims and Liens Act,[1] the Theises are solely responsible for the payment of the assessment. For reasons we shall describe hereinafter, we respectfully disagree.

---

1. Act of May 16, 1923, P.L. §207, §9, as last amended by the Act of July 28, 1953, P.L. 678, P.S. §7143.

A proper resolution of this dispute will require us to meander through the intricacies of the law of municipal claims in Pennsylvania.

The logical starting point is found at 53 P.S. §7107 wherein the legislature authorized municipalities to file a lien for laying sewer lines. The precise language is that a lien—"shall exist in favor of, and the claim therefore may be filed against the property benefited by, the municipality extending the benefits; . . ." Act of May 16, 1923, supra, §4, as last amended.

The procedure for filing the claim is described in Section 1 of the Act, as last amended October 29, 1981, P.L. 319, 53 P.S. §7143. With respect to sewer line extensions, the act provides: ". . . municipal claims must be filed in said Court of Common Pleas . . . within six months from the time the work was done in front of the particular property, where the charge against the property is assessed . . ."

To this point we have established that the City of Lebanon is authorizd to file a lien against 2031 Oak Street in the City of Lebanon for the construction of a sanitary sewer and house connection. Inasmuch as the work was completed on May 30, 1979 and the claim was filed in this Court of Common Pleas on November 16, 1979, the claim was timely filed.

We pause to note that the act does not require prior notice to property owners before filing the municipal claim. In the instant case the claim was filed against Randall and Deborah A. Theis as owners or reputed owners and the property known as 2031 Oak Street. This was proper since they were the record owners when the lien attached prior to May 30, 1979,[2] the date the work was completed.

2. The lien attaches as of the date of the commencement of the work, not as of the filing date. 25 P.L.E. Mun. Corp. §380.

Nevertheless, notices were delivered during the first week of July, 1979 and were also advertised in the Lebanon Daily News from August 1 to August 11. The property was conveyed from the Theises to Eckenroths on August 11, 1979. The assessment bills were mailed on August 14, 1979. The deed from the Theises to Eckenroths was received in the Engineering Department of the City on August 20, 1979. However, we do not believe that prior notice of the mailing of the assessment bills in any way destroys the validity of the lien that was filed, in view of the fact that no prior notice of the filing of the lien is required by the act.

Perhaps the reason the Act is silent on giving of notice is that municipal claims are in rem proceedings as opposed to in personam. Spramelli v. Borough of Punxsutawney, 102 Pa. Super. 557, 157 A. 522 (1931). Accordingly, a lien is either valid or invalid as to the property in question rather than the respective owners or reputed owners individually. Cf. Borough of Towanda v. Brannaka, 61 Pa. Commw. 622, 626, 434 A. 2d 889, 891 (1981).

It would be foolhardy for a city not to deliver notice to the property owners (or occupiers) of the amount of the assessment. The city wants payment of the assessment, not a lien. The statutory allowance of a lien within six months of completion on the work is to protect and secure the assessment if it is not paid.

We allow that there may be validity to the Eckenroths' argument that they do not owe the amount of money claimed by the municipal plaintiff. Since it is the property that has been benefited by the work authorized and for which the municipality claims reimbursement the debt is owed by the property and there is no personal liability involved. Borough of

Towanda v. Brannaka, supra; Fox Chapel Sanitary Authority v. Abbott, 34 Pa. Commw. 637, 384 A. 2d 1012 (1978).

As further evidence that the legislature intended that the debt was owed by the property, not the owners, it specifically provided that all judgments on scire facias ". . . shall be de terris only, and shall be recovered out of the property bound by the lien, and not otherwise; . . ." Act of 1923, May 16, P.L. 207, §23, 53 P.S. §7274.

The act has a special provision for cases of real estate benefited by the improvement but sold before the municipal claim is filed but after the date of completion of the work. The act provides that ". . . the date of completion in said certificate shall determine the liability for payment of the claim as between buyer and seller, unless otehwise agreed upon or as above set forth." Thus, as between the Theises and the Eckenroths, the Eckenroths would have a cause of action against the Theises for the amount of the claim since the Theises were the owners on the date the work was completed. Cf. Byrne v. Kanig, 231 Pa. Super. 531, 332 A. 2d 472 (1974.) However, this does not bar the City from obtaining a judgment in a scire facias sur municipal claim proceeding against the present owners so as to allow execution on the property to satisfy the debt.

Nor do we find any error in the enforcement procedures employed by the City of Lebanon. Both enforcement by obtaining judgment or to revive and extend the life of the lien through the employment of a writ of scire facias is specifically authorized. Furthermore, the act provides, in Section 17, 53 P.S. §7185, for the form of the writ. In this section the claimant is specifically authorized to direct the

prothonotary to add and insert the names of any persons whom the claimant may know to have an interest in the premises, ". . . and the scire facias shall be issued containing such additional names."

As we noted previously the Eckenroths were added by praecipe to the writ of scire facias in this case.

This meandering through the general municipal law concerning municipal claims and liens has been necessitated because of the procedural omissions in the Third Class City Code. However, the Third Class City Code does support our conclusion that the costs and expenses in connection with the construction of sewers of all kinds may, by Council, ". . . be assessed against the property benefited, improved or accommodated according to the front foot . . ." Act of August 6, 1963, P.L. 525, 53 P.S. §38207.

### ORDER OF COURT

And now, April 12, 1983, upon consideration of the affidavit of defense and after a hearing, the prothonotary is to enter judgment de terris against Randall Theis, Deborah A. Theis, William P. Ekenroth, Dianne Eckenroth and the property situate at 2031 Oak Street, Lebanon, Pennsylvania, in the amount of $1,833.53 with interest from May 30, 1979.